PAUL LANGDON & als. in Equity. versus JOHN K. PICKERING
& als.

The introduction of scandalous and impertinent matter in a bill, does not
authorize nor justify similar matter in an answer to meet such improper
allegations in the bill.

Upon exception taken to such answer, the court will order it to be expunged.

If a defendant would object to such matter in the bill, it should be by way of
exception.

A codicil revoked, which was duly executed, is as much part of the will as if
on the same paper with the will — is necessary in its construction — and
upon a bill in equity, filed for that purpose, the court will enforce its pro-
duction.

If not duly executed, its production will not be required.

BILL in equity.

From the complainants' bill it appeared, that the respondents
had filed a bill against them, to have their rights under the last
will of Elizabeth Sewall ascertained, and for the appointment
of trustees for the preservation of them. The complainants,
executors of said will, and legatees and devisees claiming
under the same, filed this cross-bill for the production of a
codicil to said will, executed by said testatrix, but shortly after
its execution revoked by a second codicil — which revoked
codicil they allege is in the possession of William Goddard,
one of the respondents, having been taken away by him from
the possession of the testatrix without her knowledge. The
bill further alleges that this codicil belongs to the executors, in
their capacity as such — and that the production of the same is
necessary to the full understanding of the intention of the tes-
tatrix, and to the just and proper construction of the will.

To this bill, Wm. Goddard answered in part, and demurred
to the residue. Exceptions were filed to his answer, admitting
the execution of the codicil and asserting the same had been
improperly revoked, on the ground that it contained certain
scandalous, impertinent, and irrelevant allegations. The other
respondents demurred, generally, to the bill. The several
questions arising under the bill and demurrer thereto, and the

answer and exceptions to the same, were, by agreement, argued and submitted to the decision of the Court at the same time.

*Preble,* for the complainants. A revoked codicil is an instrument executed with the concurrence of the party interested, and with all the solemnities of the law. Being referred to in the codicil approved, it becomes a part of the will, and is necessary to a proper understanding of it. Unless the will were doubtful, why did the defendants invoke the aid of the court in its construction? Their original bill admits the meaning is doubtful. The intention of the testatrix is the thing to be ascertained — what will aid in that, should be received. The codicil revoked may be as important as the codicil which revokes. One cannot be understood without the other. Both are necessary. To say, that because it has been revoked, it can have no bearing upon the decision, is to assume the functions of the Court, and to decide in advance the very question which is in dispute.

*D. Goodenow,* for the respondents.

The revoked codicil is a nullity. The construction of the will must depend upon the language there used. The codicil revoked being a nullity, no resort can be had to that to ascertain the intention of the testatrix. The cross-bill claims a disclosure of facts wholly immaterial. It alleges no equivocal expressions, no ambiguities, in the bill which are to be explained by the codicil — nor how, nor in what way, that will aid him. The intention is to be gathered from the whole will, and from that alone, of which that is no part. The plaintiff in no way shows how this would be material — and if not material, he has no right to compel disclosures in which he has no interest. 2 Story's Eq. § 1497.

Parol evidence is inadmissible to explain the meaning of a will. *Richards* v. *Dutch,* 8 Mass. R. 506; *Thomas* v. *Thomas,* 6 D. & E. 671; 1 Phil. Ev. 468.

The portions of the answer excepted to, are only in explanation of and in answer to certain scandalous charges in the plaintiffs' bill, and are proper for that purpose.

Langdon *v.* Pickering.

The opinion of the Court was delivered by

SHEPLEY J. — The respondents have filed their bill to have their rights under the last will of Elizabeth Sewall established, and to have trustees appointed to preserve them. These complainants being the executors and the legatees and devisees have filed this cross-bill for the production of a codicil alleged to have been executed by the testatrix, and to be now in the possession of one of the respondents. That respondent answers the bill in part, and demurs to the residue; and the other respondents have demurred to the whole bill. The complainants have excepted to parts of the answer, and by consent the questions arising under the exceptions, as well as those arising under the answer and demurrers, have been argued at the same time; and are presented for decision. The only exception, which it will be necessary to notice separately from the merits, is that the answer contains certain allegations scandalous, impertinent, and irresponsive to the bill. They have reference to the conduct of one of the executors in procuring the last codicil to be made and executed. That codicil has been approved in the proper tribunal and the allegations become entirely immaterial in the further investigation of the rights of the parties. They were said in argument to have been introduced by way of answer to certain improper allegations contained in the bill; but this, if correct, would be no justification. If the bill be liable to such objection, the exception should be regularly taken, if the party would insist upon it. If one introduces scandalous or impertinent matter, that does not authorize another to follow the bad example. That part of the answer embraced in the second exception, must be expunged.

It does not clearly appear by an examination of the bill and answer, whether the codicil which was revoked was duly executed in the presence of three witnesses according to the provisions of the statute. The bill speaks of it as a codicil and as having been executed, but it does not state in what manner it was executed. The intendment may be, that it was according to the provisions of the statute, as it could only

in that manner become, properly speaking, a codicil. The answer admits the paper to have been drawn by his procurement, and to have been signed by the testatrix and delivered to him; and it alleges that it "was never published and declared by her in the presence of the witnesses as a codicil to her last will." If by "the witnesses," reference is made to the witnesses required by the statute, the paper would seem to have been executed in due form; and the proper testimony relating to the publication of it should come from them, and not from the answer. As the objections to its production did not rest upon the ground that it was never legally executed, it will be regarded as having been so executed, in the subsequent inquiry whether it should be produced.

In the case of *Acherley* v. *Vernon*, 3 Bro. P. C. 107, it was said, "that the codicil being executed and attested by three witnesses, was a republication of the will." And in the case of *Barnes* v. *Crowe*, 1 Ves. 486, the cases opposed are examined, and the doctrine appears to have been finally declared, that neither a re-execution of the will, nor any express declaration in the codicil, or annexation of it to the will, was necessary for this purpose; but that every codicil executed by three witnesses, according to the statute, though it relates only to personal estate, operates as a republication of the will, because it supposes a former will, refers to it, and becomes a part of it. In *Crosbie* v. *McDoual*, 4 Ves. 610, it is said, that "unless there is something to shew it was meant to be coupled with another instrument, it is not taken to be a codicil. But if it does purport to be coupled with another instrument, it is as much a part of that instrument as if it was written upon the same paper." In *Westcott* v. *Cady*, 5 Johns. Ch. 343, the chancellor recognizes it as a clear and well settled rule, that a will and codicil are to be taken and construed together as parts of the same instrument.

The effect of a republication of a will by a codicil is to make the will speak and operate as of the date of the codicil, so that after purchased estates, though not named in the codicil,

will be devised by a will containing language appropriate for the purpose. This rule was received in the case of *Bowes* v. *Bowes*, in the House of Lords, 2 B. & P. 500, although it was decided in that case, that the after purchased estate was not devised, because it appeared to have been the intention of the testator by the language of the codicil to exclude it. Such being the effect of a codicil, the revocation of it or of the devises or bequests contained in it cannot disconnect it, or wholly destroy its influence upon the will. The simple act of revocation can never destroy the effect of a republication. A codicil legally executed although afterward revoked, must therefore be regarded for certain purposes as a part of the will. And it may, like other parts of it which have been altered or annihilated by subsequent acts of the testator, serve to explain his intentions, which are to be collected from all his last testamentary declarations, which have been legally executed. If such therefore be the character of this codicil it should be produced and a decree is to be entered accordingly.

If it should prove that it was never legally executed, it would not become a part of the will, and could have no operation upon it. It would in such case be but a loose and extrinsic paper not receivable in aid of its construction. This is the doctrine as established by the case of *Brown* v. *Selwin*, Cas. temp. Talbot, 240 ; and recognized in the case of *Jackson* v. *Sill*, 11 Johns. 201 ; where many of the previous cases are examined. And in such an event there would be no reason for requiring its production in this case.