[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 204 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 205 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 206 
We have examined the question involved with care, and have arrived at the conclusion, though with some hesitation, that in view of the general scheme and of the various provisions of the will, that the bequest of one-sixth of the residuary estate (less $10,000, bequeathed to Edward A. Hoppock), to the children of the testator's deceased daughter, Ann Maria, was intended as a bequest to them as a class, and not as individuals, and that the specification of their names must be subordinated to that intent. The clause contains a double description antagonistic in legal meaning. The description by names is a perfect bequest to them as individuals, while the other description as children of the deceased daughter, standing by itself, is a perfect bequest to them as a class. It must be conceded that the clause as it is written, with its double description free from the influence or control of other portions of the will, would, according to the adjudicated cases, be construed as a personal legacy to each child. (Ashling v. Knowles, 3 Drewry, 593; Vinn v.Francis, 2 Cox, 190; Denn v. Gaskin, Cowp., 657; Bain v.Lescher, 11 Sim., 397.)
The law infers this intent from the specification of names, and regards the descriptive portion of the clause as intended for identification. But there is no rule of law that gives to the terms an inflexible intent. (Knight v. Gould, 2 Myl. K., 295.) An intent inferable from the language of a particular clause may be qualified or changed by other portions of the *Page 209 
will, evincing a different intent. The substance and intent rather than words are to control. (L.R. [8 Eq. Cas.], 52-58.) The intention of the testator is the first and great object of inquiry, and to this object technical rules to a certain extent are made subservient. (4 Kent's Com., 534; Smith v. Bell, 6 Pet., 68.) This presents a case for the application of these general and familiar rules. The language used is in a certain sense equivocal. Standing alone the law would give it a certain meaning, but it would do so only in obedience to a supposed intent. If by the light reflected from other provisions a different intent is discoverable, the reason of the rule fails and a different result is reached. The provisions which seem to us to favor the intention to treat the children of his deceased daughter, Ann Maria, as a class are: 1st. The division of his residuary estate into six parts corresponding to the number of his children, and giving to each or the children of each (substantially) one part. 2d. The language of the seventeenth clause of the will in which the testator provides for deducting advances made to each child from the share of each, and declares that "my deceased daughter, Ann Maria, having during her lifetime received from me the equivalent of $1,000, that sum, with interest thereon from the day of my death, shall be charged against the share of her children hereinafter mentioned and specified," and this is declared to be for the purpose of making a fair and impartial division of his residuary estate. This clause shows not conclusively but persuasively, that the testator regarded the children of his daughter as such as taking a share by the previous clause. He speaks of the share of the children by his daughter, and directs the advance of $1,000 to their mother to be deducted from their share. They are treated as representatives of their mother both in language and in the direction. The advance was to be deducted from their shares. This direction could not be strictly followed if the interest of the deceased child was a personal legacy which, upon his death, either lapsed or fell into the residuary estate under the clause providing for legacies which "for any reason shall fail to take effect." *Page 210 
The "share" from which the deduction was to be made would be divided into three parts, the surviving children each having one, and the other passing under the residuary clause or distributed as in case of intestacy, and the advance would have to be divided and deducted from each portion. Although such an adjustment might be made if necessary to carry out the clear intent, yet it is significant as showing that the testator regarded the share of the children as an undivided portion of his estate from which the advance was to be made as a whole. If this was intended as a personal legacy to each child, this clause as we must suppose from the careful details of the will, would have provided for a proper adjustment of the advance between these children, and, instead of the statement that the share was bequeathed to them as children, we should expect a reference to the bequest to each child. 3d. The provision in the fourteenth clause bequeathing one of the six shares of his residuary estate, in the event of the death of his daughter Mrs. Demaray without issue, to his surviving children, and the living issue of any deceased child or children, embraces the children of Mrs. Tucker, and provides expressly that they shall take by representation, and there is a similar provision as to another share in the twelfth clause. The rule of taking by representation is also prescribed for the issue of his living children by the sixteenth clause. The counsel for the appellant argues from these provisions that having specifically prescribed the rule of representation in them, and omitted it in the eleventh clause containing the bequest to the children of Mrs. Tucker, it is to be presumed that the testator intended to make a distinction. I cannot concur with this view. We cannot suppose that the testator intended that these children should take a comparatively small legacy as a class, while the principal legacy was given to them as individuals. If any reason can be imagined for a distinction between these children and the issue of his other children no possible reason can be supposed for prescribing a a different rule for these children in taking different legacies. These provisions and the general scheme of the will, that the *Page 211 
issue of all his children should take by representation, satisfies me, not that the omission to prescribe the rule in the eleventh clause was intended to make the bequest personal, but that the language employed was not designed to have that effect, and that the description of the persons as the children of his deceased daughter was intended to be controlling. This construction makes the will harmonious in all its provisions and accords with the general scheme to apply the same rule to the issue of all his children. The distinction between language constituting a class and personæ designatæ, is somewhat artificial and not very familiar, and was doubtless overlooked. The testator intended to dispose of his entire estate. This is apparent from the provision that in case the widow refuses to accept the bequest to her in lieu of dower, it is to go into the residuary estate, and from a similar provision as to all legacies which fail to take effect. It is quite clear therefore that the legacy to the deceased child of Mrs. Tucker could not be disposed of as in case of intestacy, against the expressed intent to dispose of all the property; and the clause referred to, making provision for legacies which failed to take effect, may be referred to specific legacies. If this is so it would strongly corroborate the construction that the bequest in question was intended to be made to these children as a class, but it is unnecessary to pass upon this question. We think the other provisions of the will are sufficient to indicate the same intent on the part of the testator. We concur with the views of DAVIS, J., in the court below.
The judgment must be affirmed.
All concur.
Judgment affirmed. *Page 212