## In re VANDERVOORT.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

WILLS—CONSTRUCTION—DESCRIPTION OF PROPERTY.

A testatrix directed that her estate be divided into two equal parts; that one part be paid her son after deducting $5,000, which should pay and discharge his note held by her; that that sum should be added to the other half, and the amount divided among her grandchildren. *Held*, that it was the intention of the testatrix that the note should be considered part of the estate in making the division, and that, after it was paid, the amount could not be added to the other portion.

Appeal from surrogate's court, New York county.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Jacob F. Miller*, for appellant. *David Millikin, Jr.*, for respondents.

DANIELS, J. The testatrix, at the time of her decease, left surviving her a son, Peter H. S. Vandervoort, and five grandchildren, who were the children of her daughter, Harriet Louisa Mora. After making certain bequests, for her granddaughters, she devised and bequeathed the residue of her property in the following manner: "I direct my said executors and executrix to divide the rest, residue, and remainder of the whole of my said real estate and personal property into two equal shares or portions, and to pay to and distribute one of said shares or portions to my son, Peter H. S. Vandervoort, or to his child or children him surviving, deducting, however, therefrom the sum of five thousand dollars, without interest, being moneys I have loaned him about November 1, 1880, and for which I hold his note or obligation, and which deduction will fully pay and discharge said loan; and with respect to said five thousand dollars, when so deducted, I direct my trustees to add that sum, in equal shares or portions, to the principals of the trust funds hereinafter created. With respect to the other half or portion of the said rest, residue, and remainder of my said real estate and personal property, I direct my executors and executrix to divide the same into five trust funds, and pay, as trustees, the principal so divided unto my grandsons and granddaughters, the children of my deceased daughter, Harriet Louisa Mora, at their majorities, respectively, or, on the death of either of them, to their children, respectively, if any; and, if either die without leaving child or children, the survivors of said grandsons and granddaughters are to have the fund, so ending and terminating, divided into the other trust funds remaining." On the hearing before the surrogate, he held and determined that the note of $5,000 mentioned in this portion of the will of the testatrix was no part of this rest, residue, and remainder of her estate; and for the purpose of making a division of it between the wife of Peter H. S. Vandervoort, who by a codicil to the will was substituted in his place in the division of the estate, and the children of her daughter, directed the deduction of the note of $5,000 from this residue and remainder, and the estate then to be distributed equally between Harriet G. Vandervoort and the five grandchildren. The appeal which has been taken from the surrogate's decree depends upon this ruling made by him. Instead of the note being deducted from the entire estate, it is insisted, on behalf of the appellant, that it is first to be added to the estate, then the aggregate amount divided into two equal parts, and the note deducted from the part to which Harriet G. Vandervoort shall be entitled. On the settlement of the estate, she was considered to be entitled, under the will, to no more than the sum of $302.24, together with one-half of 170 shares of the stock of the Farmers' Loan & Trust Company, owned by the testatrix. If the note should be added to the estate, and then deducted from her one-half of it, this balance will be increased by the sum of $2,500. And that it should be so deducted is within the plain direction first given by the testatrix concerning the disposition of the note.

Her direction, in the first instance, was that the executors should divide the rest, residue, and remainder of the whole of her real and personal property into two equal shares or portions. The note in controversy was given to her by her son for the sum of $5,000, which she loaned to him about the 1st of November, 1880; and in her hands, and also in those of the executors, this note was a portion of the whole of her estate. It represented so much money owing to her, and which, under her will, passed over to her executors. Both she and they had a right to collect the note as so much of her estate; and within the direction given, as it was a part of her property, the executors were required to take it into their account in dividing the estate. That this was her intention and design is disclosed by the direction that the note should be deducted from the share of her son. Before giving that direction the estate was directed to be divided into two equal shares or portions, and one was declared to be for her son; and it was out of that the note of $5,000 was to be

deducted, and by that deduction it was declared by her that the note would be fully paid and discharged. These provisions of the will are consistent with no other construction than that the note should be taken into the account in making the two equal divisions of the estate; and no doubt would be left as to the disposition which should be made of the note were it not for the fact of the further direction being given that the note, after it was deducted, should be added in equal shares or portions to the trust funds of the other half of the estate, and finally divided among the grandchildren. How this could be done as a matter of fact, after the note itself had been paid and discharged, has not been made to appear; for the payment itself would extinguish it as an obligation, and render it entirely useless for all the future purposes of the estate. This direction is in conflict with those preceding it, concerning the division and disposition of the estate, and does not appear to be capable of being carried into execution after the note has been paid and discharged. There appears to be an irreconcilable inconsistency between this direction and those preceding it; and which shall prevail must depend upon what appears to be the controlling and paramount intention of the testatrix; for, in the construction of wills, the intention, so far as that is capable of being ascertained and declared, is the controlling element. And, where ambiguous or contradictory directions are given concerning the same subject-matter, one or the other of the clauses, when that shall become necessary, may be rejected, and the will construed and carried into effect with its exclusion. This follows from what was said in *Hoppock* v. *Tucker*, 59 N. Y. 202, where it was declared that the substance and intent, rather than the words, are to control, and that the intention of the testator is the first and great object of inquiry; and to this object technical words, to a certain extent, are made subservient. This has been further amplified by the rule that if there be any ambiguity it is the duty of the court to put that construction upon the words which seems best to carry the intention into effect, (*Van Nostrand* v. *Moore*, 52 N. Y. 12, 18;) and words may be rejected, supplied, or transposed to reach the correct meaning and intention of the testator, (*Phillips* v. *Davies*, 92 N. Y. 199, 204;) and, where an interest in the estate has been plainly given, it will not afterwards be divested or withheld without a clear intention of the testator expressed to that effect, (*Roseboom* v. *Roseboom*, 81 N. Y. 356.) In this case the language made use of has clearly expressed the intention of the testatrix to be that her estate should be equally divided between her son, or his wife, who was substituted by the codicil in his place, and the children of her deceased daughter. No reason has in any manner been made to appear why she should have been disposed or inclined to have made any different disposition of her estate. The claimants stood in equal relations to the enjoyment of her bounty and to her estate, and no reason appears why she should have preferred the children of her daughter to her surviving son; but from what was previously directed by the will her purpose was evinced to place them upon an equality in the division and distribution of her property. This purpose was as clearly expressed as it well could be by the selection and employment of language; and what was further added concerning the division of the amount of the note equally between the children of her daughter is entirely inconsistent with this previously declared intention and design. Why this language should have been added, cannot well be inferred from anything else contained in the will or any contemporaneous circumstance. But it seems to have been employed with the expectation that it would more clearly carry into effect the previously expressed intention of the testatrix. Instead of doing that, however, it has confused her intention, and added what was in fact an absurd direction, that the note, paid and discharged, should afterwards be divided among the children of her daughter. Both directions cannot be carried into effect. All the rest and residue of her real and personal estate could not be divided into two shares, and this note deducted from the share designated as her son's, and in

that manner paid, and afterwards be used to augment the interests of the children of her daughter in their share of the estate. The leading object of the testatrix appears to have been to direct the equal division of her property,—one-half for the benefit of her son; the other half for the benefit of her daughter. This was the controlling or paramount motive for making her will, and it was out of his share of her estate that this note was to be deducted, and in that manner finally paid and discharged. The estate should have been so distributed by the decree of the surrogate, which would have secured to the appellant a sum equal to one-half the amount of this sum of $5,000, and would give her an interest, after the division of the 170 shares of stock, in the estate amounting to the sum of $2,802.24, instead of that which was awarded to her by the decree of the surrogate. The decree, therefore, should be modified by reducing the several amounts directed in trust for the benefit of the children of the daughter of the testatrix so far as to add this amount of $2,500 to the amount payable to Mrs. Vandervoort, the appellant. In the disposition which was made of the case before the surrogate, the costs were so liberally provided as to exclude the possibility of injustice by affirming the decree so modified, without costs of the appeal to either of the parties; and that disposition should be made of the case.

VAN BRUNT, P. J., and BRADY, J., concurring.