(22 Misc. Rep. 639.)

MONSON v. PAINE et al.

(Supreme Court, Special Term, New York County. February, 1898.)

WILLS—CONSTRUCTION—DESIGNATION OF BENEFICIARIES.

Testator devised property to trustees, who were directed to divide it into five equal portions, the income of which was to be paid to named sisters and brothers for life. The trustees were to convey the fee to the issue of the life beneficiaries on their respective deaths, except in one case, where the fee was directed to be given to R., a son of a life beneficiary. By the fourth clause, it was directed that if R. died before his mother, the life beneficiary, leaving no issue, or if any of the life beneficiaries died without issue, their respective shares should be equally divided between the issue of the other life beneficiaries then living (excepting the other issue of R.'s mother) per stirpes. A brother died leaving no issue, after R.'s decease without issue. Held, that the residuary beneficiaries took as a class, and not as tenants in common, and hence the portion of the fund which would have gone to R. in case he had survived the deceased brother, or to R.'s issue, if any, should go in equal proportions to the then living issue of the other life beneficiaries, excepting his mother, as provided for by the fourth clause.

Action by Alonzo C. Monson, as trustee, against Virginia M. Paine and others, for the final judicial settlement of his accounts as trustee, and for directions as to the distribution of the trust fund.

Shipman, Larocque & Choate, for plaintiff.
Coudert Bros., for defendant Virginia M. Paine.
William H. Handford, for defendant Elizabeth Mary Ludlow.
McCurdy & Yard, for defendant Cora De Raucourt.
Kellogg, Rose & Smith, for defendants Augustus Clason and William P. Clason.

Hand, Bonney, Pell & Jones, for defendants Alfred W. Withers, William B. Withers, Virginia De Boulement, and Katherine P. Withers.

John B. Murray, for defendants William Paine and Mary H. Bischoffsheim.

FREEDMAN, J.　This action is brought by the plaintiff, as trustee of a certain trust created by the last will and testament of David Dunham Withers, deceased, for the life use of his brother Reuben B. Withers.　By the complaint the plaintiff prays for a final judicial settlement of his accounts as such trustee, and for directions as to the distribution of the trust fund among the parties who shall be determined to be entitled to participate in its division, etc.　There is no dispute as to the accounts; but a question has been presented as to the construction of that part of the will designated as the sixth subdivision of the second clause, relating to the disposition of the capital of the said trust fund on the death of the life beneficiary.　The question arises in consequence of the death without issue of Reuben B. Withers, the life tenant, on July 6, 1897, and of the death without issue of Robert Center, mentioned in the said clause, occurring before the death of Reuben B. Withers, but during the lifetime of his mother, the defendant Elizabeth Mary Ludlow; and the question is whether the proportion of the fund which would have gone to Robert Center in case he had survived the life beneficiary is to be added to the other residuary shares, or is to be distributed among the next of kin of the testator as in case of intestacy.

Taking up the will, we find a well-defined and consistent scheme running through the whole of it.　The entire estate was given by the testator to his executors as trustees, and they were directed to divide it into five equal shares or parts, and to set apart and hold the said shares or parts, and receive the income thereof in trust, and dispose of the same as follows:　(1) The trustees were to apply the net income of one share to the use of the testator's sister Mrs. Ludlow (formerly Mrs. Center), during her life.　Upon her death they were to "pay, transfer, and convey the said equal part or share to her son Robert Center, or to his lawful issue, in equal portions, if he should be then deceased, leaving such issue then surviving."　Article 2, subd. 1.　(2) The trustees were to apply the net income of another share to the use of testator's sister Mrs. Clason, during her life.　Upon her death, they were to "pay, transfer, and convey the said equal part or share to her lawful issue her surviving in equal portions, share and share alike, per stirpes, and not per capita."　Article 2, subd. 2.　(3) By similar language as in the case of Mrs. Clason, the trustees were to apply the net income of another share to the use of the testator's sister Virginia Paine, and of another share to the use of each of the testator's brothers, Alfred D. Withers and Reuben B. Withers, with remainder, in each instance, to the issue of the life beneficiary by the same language as is applied to the issue of Mrs. Clason.　Article 2, subds. 3, 4, 5.　(4) "In case said Robert Center should die before his mother, leaving no lawful issue of him surviving her, then and in that event it is my will that the equal part or share of my said estate, to the ＊ ＊ ＊ income of which the said Elizabeth Mary Ludlow is entitled during her lifetime, be upon

her death paid  *  *  *  to the lawful issue then surviving of my said sisters and brothers Euphame, Virginia, Alfred, and Reuben, in equal portions, and share and share alike, but per stirpes, and not per capita." "And, in case any of my said sisters and brothers Euphame, Virginia, Alfred, and Reuben should die without leaving lawful issue surviving her or him so dying, in that case it is my will that the equal part or share of my said estate, to the  *  *  *  income of which the sister or brother so dying without such issue surviving was entitled during her or his lifetime, be, upon her or his death, paid, transferred, and conveyed to the said Robert Center (or to his lawful issue then surviving if he be then deceased leaving such issue), and to the lawful issue then surviving of the other of my said sisters and brothers Euphame, Virginia, Alfred, and Reuben, whichever of them may have lawful issue then surviving, in equal portions and share and share alike, but per stirpes, and not per capita, the said Robert Center (or his lawful issue then surviving if he be then deceased) taking one equal part thereof, and the lawful issue then surviving of each of the other of my last above mentioned sisters and brothers, Euphame, Virginia, Alfred, and Reuben, taking one equal part thereof; that is to say, the lawful issue of each stirpes taking together, and share and share alike, one of each equal parts."    Article 2, subd. 3.

The fundamental rule of construction in a case of this kind is that the intent of the testator must govern, and that such intent is to be sought from the provisions of the whole will as they may appear in the light of the facts and circumstances existing at the time of the making of the will. When thus considered, the intent of the testator in the case at bar is exceptionally free from uncertainty or ambiguity. The bounty of the testator is rigidly limited to certain named sisters and brothers, Mrs. Ludlow, Mrs. Clason, Mrs. Paine, Alfred D. Withers, and Reuben B. Withers, and to their issue surviving them, excepting in the case of Mrs. Ludlow, of whose issue only her son Robert Center or his issue are admitted to share. One of the testator's sisters, Madame De Raucourt, and all issue of Mrs Ludlow, other than her son Robert or his issue, are excluded from participation, whether direct or contingent. It is obvious that the sole reason for separate mention of Robert Center and his issue was to insure such exclusion of other children of Mrs. Ludlow and their issue; otherwise, the sixth subdivision would have been abbreviated to its last portion, in which Mrs. Ludlow and her issue would have been simply named and grouped with Mrs. Clason, Mrs. Paine, Alfred D. Withers, and Reuben B. Withers, and their issue. Such a grouping was the plain purpose of the testator, excepting that no issue of Mrs. Ludlow, other than her son Robert or his issue, was to be admitted into the group. The language of the sixth subdivision in itself imports such a purpose, and is consistent with no other purpose. It begins with the share put in trust for the life use of Mrs. Ludlow, and provides for the contingency of death of her son Robert during her life, "leaving no issue of him surviving her." The provision is that, upon her death, the share theretofore held in trust for her shall be paid to "the lawful issue then surviving of my said sisters and brothers Euphame (Mrs. Clason), Virginia (Mrs. Paine), Alfred, and Reuben, in equal portions, share and share alike, but per

stirpes, and not per capita." Here, at the outset, the issue of these last-named four brothers and sisters are designated to fill the vacancy caused by the death of Robert Center (without issue), and to succeed to the share of which his mother, Mrs. Ludlow, was life beneficiary. The subdivision then proceeds to provide for the same contingency as to each of the other four trust shares. And the provision designates, for contingent remainder-men, the same issue, with the addition of Robert Center or "his lawful issue then surviving if he be then deceased leaving such issue." The issue thus· designated, including Robert Center or his issue (as such representative of his mother's issue), were to take "in equal portions," per stirpes. And by way of final regulation of the distribution, we have, "that is to say, the lawful issue of each stirpes taking together and share and share alike one of such equal parts." In other words, Robert Center (or his issue), surviving his mother, was to succeed her. He or they, surviving either of the other life beneficiaries who died childless, were to share the succession with the then living lawful issue of the other life beneficiaries excepting of his mother. In either case, if neither Robert Center nor his issue were living to take a portion, he and they were simply to drop out of the reckoning, and the succession was to pass wholly to the issue of Mrs. Clason, Mrs. Paine, Alfred D. Withers, and Reuben B. Withers, who were living when the succession happened.

From the foregoing considerations it is evident that the plain intention of the testator was that the interest of the beneficiaries named in the sixth clause should not vest at the death of the testator, but should be contingent on the death of the life tenant without lawful issue. In such a case the beneficiaries take as a class, and not as tenants in common. In re Baer, 147 N. Y. 348, 41 N. E. 702. True, the general rule is that specific mention by name of the beneficiaries vests in them an interest as tenants in common. But that rule always yields to the intent of the testator as gathered from the will. This was expressly decided by the court of appeals in Hoppock v. Tucker, 59 N. Y. 202. In the case at bar the construction that the beneficiaries named in the sixth clause took as tenants in common would, under the circumstances of this case, result in a partial intestacy in the disposition of his estate by the testator; and this would be clearly against his manifest intent, for he evidently intended to dispose of his entire estate, and made no provision for any residue. But, if it be held that the remainder-men took as tenants, in common, the share bequeathed to Robert Center is necessarily undisposed of, in which event Elizabeth Mary Ludlow and Virginia M. Paine, as well as Cora De Raucourt, would inherit together with the issue of Euphame and Alfred. This would be directly against the plain intention of the testator: (1) Because Cora De Raucourt would receive a share; (2) because Mrs. Ludlow and Mrs. Paine would each receive a share absolutely, while the testator gave them a life estate only; and (3) because the lapsed legacy would form a residuum, when the testator contemplated none. Independently of these considerations, it is a well-known rule of law that a will should be so construed as to avert the result of intestacy whenever it is in any wise reasonably avoidable. So, a construction to the effect that Robert Center's share or portion became at some time a part of his estate, and, as such,

became capable of being disposed of by his will, or of being distributed as provided by statute in case of intestacy, would also be directly against the testator's intention, because, Robert Center having died before his mother, Elizabeth Mary Ludlow, his share, under his will, would go to her, when the testator intended it to go to his issue, if any (that is, children or other descendants), and upon his death without issue to the issue of the other brothers and sisters. The conclusion is therefore unavoidable that, under the will in this case, Robert Center or his lawful issue, and the issue of Euphame, Virginia, Alfred, and Reuben, were to take as a class, and not as tenants in common, because futurity was annexed to the substance of the gift, and the will vested no interest in them at the time of the death of the testator, but only upon the death of Reuben B. Withers, the life tenant, without issue, at which time the persons then living and coming within the class were to take the whole per stirpes. The cases of which Moffett v. Elmendorf, 152 N. Y. 483, 46 N. E. 845, is the most recent, do not, when fairly considered, militate against the construction thus arrived at. In them there was "nothing on the face of the will to indicate that they [the legatees] compose a class." Here there is every such indication. In them there was no grouping or classing of issue of various persons with part of the issue of another person, for the purpose of taking among them a remainder in case of being in existence upon the happening of a contingency. Here we have precisely such a grouping or classing, and for precisely this purpose.

From the foregoing considerations it follows that upon the decease of Reuben B. Withers, in July last, the share theretofore held by the plaintiff in trust for his life use became distributable as follows: (1) One third of it passed to the now living children of Mrs. Euphame Clason. (2) Another third passed to the now living children of Mrs. Virginia Paine. (3) The remaining third passed to the now living children of Alfred D. Withers, who are William B. Withers, Alfred W. Withers, and Virginia De Boulemont, excepting that, by virtue of transfer inter sese, the share of Alfred W. Withers is payable to his wife, Katherine P. Withers.