ALONZO C. MONSON, as Trustee of the Trust Created for the Benefit of REUBEN B. WITHERS, by the Last Will and Testament of DAVID DUNHAM WITHERS, Deceased, Plaintiff, *v*. VIRGINIA M. PAINE et al., Defendants.

(Supreme Court, New York Special Term, February, 1898.)

1. Will — Contingent remainders — Vesting — Distribution.

Where the will of a testator, after devising his estate to trustees with directions to them to divide it into five equal parts and pay the income of each share to one of his five brothers and sisters for life, declares in substance, that the interest of a life tenant, dying without issue, shall pass *per stirpes* to the lawful issue of the other brothers and sisters, except that in the case of the death of one sister her son by her former marriage and his issue should alone inherit, the death of this son, without issue and before his mother, does not render the share, which upon the death of the life tenant of another share, he would otherwise have taken, undevised assets to be distributed among the next of kin of the testator, but it should be added to the other residuary shares, as the intention of the testator manifestly was that the beneficiaries should take only future contingent remainders, divisible among them as a class upon the death of a life tenant without lawful issue.

**2. Same — Construction — Intestacy to be avoided.**

A will should be construed as to avoid intestacy; and a construction, not necessary, should be condemned where it would have the effect of allowing a person to take who was expressly excluded from any benefit under the will and where it would also enlarge certain life estates into fees.

ACTION by a trustee for a final judicial settlement of his accounts, and for directions as to the distribution of the trust fund.

Shipman, Larocque & Choate, for plaintiff.

Coudert Brothers, for Virginia M. Paine.

William H. Handford, for Elizabeth Mary Ludlow.

McCurdy & Yard, for Cora de Raucourt.

Kellogg, Rose & Smith, for Augustus Clason, individually and as administrator, and William P. Clason.

Hand, Bonney, Pell & Jones, for Alfred W. Withers, William B. Withers, and Virginia de Boulement, and Catherine P. Withers.

John B. Murray, for William Paine and Mary H. Bischoffsheim.

FREEDMAN, J.    This action is brought by the plaintiff, as trustee of a certain trust created by the last will and testament of David Dunham Withers, deceased, for the life use of his brother Reuben B. Withers.    By the complaint, the plaintiff prays for a final judicial settlement of his accounts as such trustee and for directions as to the distribution of the trust fund among the parties who shall be determined to be entitled to participate in its division, etc. There is no dispute as to the accounts.    But a question has been presented as to the construction of that part of the will designated as the sixth subdivision of the second clause relating to the disposition of the capital of the said trust fund on the death of the life beneficiary.    The question arises in consequence of the death, without issue, of Reuben B. Withers, the life tenant, on July 6, 1897, and of the death, without issue, of Robert Center, men-

tioned in the said clause, occurring before the death of Reuben B. Withers, but during the lifetime of his mother, the defendant Elizabeth Mary Ludlow, and the question is whether the proportion of the fund which would have gone to Robert Center, in case he had survived the life beneficiary, is to be added to the other residuary shares, or is to be distributed among the next of kin of the testator as in case of intestacy.

Taking up the will, we find a well-defined and consistent scheme running through the whole of it. The entire estate was given by the testator to his executors as trustees and they were directed to divide it into five equal shares or parts and to set apart and hold the said shares or parts and receive the income   *   *   *   thereof in trust and dispose of the same as follows:

(1) The trustees were to apply the net income of one share to the use of the testator's sister Mrs. Ludlow (formerly Mrs. Center), during her life. Upon her death they were to " pay, transfer and convey the said equal part or share to her son Robert Center or to his lawful issue in equal portions if he should be then deceased leaving such issue then surviving." Art. 2, subd. 1.

(2) The trustees were to apply the net income of another share to the use of testator's sister, Mrs. Clason, during her life. Upon her death, they were to " pay, transfer and convey the said equal part or share to her lawful issue her surviving in equal portions, share and share alike, *per stirpes* and not *per capita.*" Art. 2, subd. 2.

(3) By similar language, as in the case of Mrs. Clason, the trustees were to apply the net income of another share to the use of the testator's sister Virginia Paine and of another share to the use of each of the testator's brothers, Alfred D. Withers and Reuben B. Withers with remainder, in each instance, to the issue of the life beneficiary, by the same language as is applied to the issue of Mrs. Clason. Art. 2, subds. 3, 4 and 5.

(4) " In case said Robert Center should die before his mother, leaving no lawful issue of him surviving her, then and in that event it is my will that the equal part or share of my said estate, to the   *   *   *   income of which the said Elizabeth Mary Ludlow is entitled during her lifetime, be upon her death paid *   *   *   to the lawful issue then surviving of my said sisters and brothers, Euphame, Virginia, Alfred and Reuben, in equal portions and share and share alike but *per stirpes* and not *per*

*capita.*" " And in case any of my said sisters and brothers, Euphame, Virginia, Alfred and Reuben, should die without leaving lawful issue surviving her or him so dying, in that case it is my will that the equal part or share of my said estate, to the * * * income of which the sister or brother so dying without such issue surviving was entitled during her or his lifetime, be upon her or his death paid, transferred and conveyed to the said Robert Center (or to his lawful issue then surviving if he be then deceased leaving such issue) and to the lawful issue then surviving of the other of my said sisters and brothers, Euphame, Virginia, Alfred and Reuben, whichever of them may have lawful issue then surviving, in equal portions and share and share alike but *per stirpes* and not *per capita*, the said Robert Center (or his lawful issue then surviving, if he be then deceased) taking one equal part thereof and the lawful issue then surviving of each of the other of my last above-mentioned sisters and brothers, Euphame, Virginia, Alfred and Reuben, taking one equal part thereof, that is to say, the lawful issue of each stirpes taking together and share and share alike one of such equal parts." Art. 2, subd. 6.

The fundamental rule of construction, in a case of this kind, is that the intent of the testator must govern and that such intent is to be sought from the provisions of the whole will as they may appear in the light of the facts and circumstances existing at the time of the making of the will. When thus considered the intent of the testator in the case at bar is exceptionally free from uncertainty or ambiguity.

The bounty of the testator is rigidly limited to certain named sisters and brothers, Mrs. Ludlow, Mrs. Clason, Mrs. Paine, Alfred D. Withers and Reuben B. Withers and to their issue surviving them, excepting in the case of Mrs. Ludlow, of whose issue only her son Robert Center or his issue are admitted to share. One of the testator's sisters Madame de Raucourt, and all issue of Mrs. Ludlow, other than her son Robert or his issue, are excluded from participation, whether direct or contingent.

It is obvious that the sole reason for separate mention of Robert Center and his issue was to insure such exclusion of other children of Mrs. Ludlow and their issue. Otherwise the sixth subdivision would have been abbreviated to its last portion, in which Mrs. Ludlow and her issue would have been simply named and grouped with Mrs. Clason, Mrs. Paine, Alfred D. Withers and Reuben B. Withers and their issue. Such a grouping was the plain purpose

of the testator, excepting that no issue of Mrs. Ludlow, other than her son Robert or his issue, was to be admitted into the group.

The language of the sixth subdivision, in itself, imports such a. purpose and is consistent with no other purpose. It begins with the share, put in trust for the life use of Mrs. Ludlow, and provides for the contingency of death of her son Robert during her life " leaving no issue of him surviving her." The provision is that, upon her death, the share, theretofore held in trust for her, shall be paid to " the lawful issue then surviving of my said sisters and brothers, Euphame (Mrs. Clason), Virginia (Mrs Paine), Alfred and Reuben in equal portions, share and share alike but *per stirpes* and not *per capita.*" Here, at the outset, the issue of these last-named four brothers and sisters are designated to fill the vacancy caused by the death of Robert Center (without issue) and to succeed to the share of which his mother Mrs. Ludlow was life beneficiary. The subdivision then proceeds to provide for the same contingency as to each of the other four trust shares. And the provision designates, for contingent remaindermen, the same issue with the addition of Robert Center or " his lawful issue then surviving, if he be then deceased leaving such issue." The issue thus designated, including Robert Center or his issue (as such representative of his mother's issue), were to take " in equal portions " *per stirpes.* And by way of final regulation of the distribution we have the " that is to say the lawful issue of each stirpes taking together and share and share alike one of such equal parts."

In other words Robert Center (or his issue), surviving his mother, were to succeed her. He or they, surviving either of the other life beneficiaries who died childless, were to share the succession with the then living lawful issue of the other life beneficiaries, excepting his mother. In either case, if neither Robert Center nor his issue were living to take a portion, he and they were simply to drop out of the reckoning and the succession was to pass wholly to the issue of Mrs. Clason, Mrs. Paine, Alfred D. Withers and Reuben B. Withers, who were living when the succession happened.

From the foregoing considerations, it is evident that the plain intention of the testator was that the interest of the beneficiaries named in the sixth clause should not vest at the death of the testator, but should be contingent on the death of the life tenant without lawful issue. In such a case the beneficiaries take as a class and not as tenants in common. Matter of Baer, 147 N. Y. 348.

True, the general rule is, that specific mention by name of the beneficiaries vests in them an interest as tenants in common. But that rule always yields to the intent of the testator as gathered from the will. This was expressly decided by the Court of Appeals in Hoppock v. Tucker, 59 N. Y. 202.

In the case at bar the construction, that the beneficiaries named in the sixth clause took as tenants in common, would, under the circumstances of this case, result in a partial intestacy in the disposition of his estate by the testator and this would be clearly against his manifest intent, for he evidently intended to dispose of his entire estate and made no provision for any residuary one. But if it be held that the remaindermen took as tenants in common, the share bequeathed to Robert Center is necessarily undisposed of, in which event Elizabeth Mary Ludlow and Virginia M. Paine as well as Cora de Raucourt would inherit, together with the issue of Euphame and Alfred. This would be directly against the plain intention of the testator.

1. Because Cora de Raucourt would receive a share;

2. Because Mrs. Ludlow and Mrs. Paine would each receive a share absolutely while the testator gave them a life estate only; and

3. Because the lapsed legacy would form a residuum, when the testator contemplated none.

Independently of these considerations, it is a well-known rule of law, that a will should be so construed as to avert the result of intestacy whenever it is in any wise reasonably avoidable.

So a construction to the effect that Robert Center's share or portion became, at some time, a part of his estate, and as such became capable of being disposed of by his will or of being distributed as provided by statute in case of intestacy, would also be directly against the testator's intention, because Robert Center having died before his mother, Elizabeth Mary Ludlow, his share under his will would go to her, when the testator intended it to go to his issue, if any (that is children or other descendants), and upon his death, without issue, to the issue of the other brothers and sisters.

The conclusion is, therefore, unavoidable that, under the will in this case, Robert Center, or his lawful issue and the issue of Euphame, Virginia, Alfred and Reuben, were to take as a class and not as tenants in common, because futurity was annexed to the substance of the gift and the will vested no interest in them at

the time of the death of the testator, but only upon the death of Reuben B. Withers, the life tenant, without issue, at which time the persons then living and coming within the class were to take the whole *per stirpes*.

The cases, of which Moffett v. Elmendorf, 152 N. Y. 483, is the most recent, do not, when fairly considered, militate against the construction thus arrived at. In them there was "nothing on the face of the will to indicate that they (the legatees) compose a class." Here there is every such indication. In them, there was no grouping or classing of issue of various persons with part of the issue of another person, for the purpose of taking, among them, a remainder in case they were in existence upon the happening of a contingency. Here we have precisely such a grouping or classing and for precisely this purpose.

From the foregoing considerations it follows that upon the decease of Reuben B. Withers, in July last, the share theretofore held by the plaintiff in trust for his life use became distributable as follows:

(1) One-third of it passed to the now living children of Mrs. Euphame Clason.

(2) Another third passed to the now living children of Mrs. Virginia Paine.

(3) The remaining third passed to the now living children of Alfred D. Withers, who are William B. Withers, Alfred W. Withers and Virginia de Boulemont, excepting that by virtue of transfer *inter sese* the share of Alfred W. Withers is payable to his wife Katherine P. Withers.

Ordered accordingly.

---

Matter of the Application of THE TRUSTEES OF THE BOARD OF PUBLICATION AND SABBATH SCHOOL WORK, Plaintiff and Judgment Creditor, for the Examination of WILLIAM J. HARSHA, Defendant and Judgment Debtor.

(Supreme Court, New York Special Term, February, 1898.)

Supplementary proceedings — Property affected and exempt.

Proceedings supplementary to execution are directed against property which, at the time of the order for his examination, the judgment debtor has in his possession or under his control, or which is actually due to him; and no property subsequently acquired, nor any