(59 App. Div. 100.)

MARTINEAU v. SIMONSON et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. WILLS—RESIDUARY LEGATEES—DEVISE TO SONS—SUBSCRIBING WITNESSES AS LEGATEES—EFFECT ON LEGACY.

Where testator devised his residuary estate to his sons and daughter in equal shares, and two of the sons were subscribing witnesses to the execution of testator's will, testator did not die intestate as to the shares of such sons, since the devise was to his children as a class, and, in case of the incapacity of any, their shares would go to the others.

2. SAME—SHARES OF SUBSCRIBING WITNESS—RIGHTS OF OTHER LEGATEES.

Where testator devised his residuary estate to his sons and daughter in equal shares, and two of the sons were subscribing witnesses to the execution of testator's will, the shares of such sons passed to the other residuary legatees as a class.

Action by John H. Martineau against David F. Simonson and others. Controversy submitted on an agreed statement of facts, under section 1279 of the Code of Civil Procedure. Judgment advised for defendants.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

J. B. Sabine, for plaintiff.
Calvin D. Van Namo, for defendants.

HIRSCHBERG, J. 'The defendants have conveyed certain real estate to the plaintiff, with covenants of seisin in fee simple, quiet possession, further assurance, warranty, and defense of title. The defendants' rights and interests in such real estate were acquired. under the residuary clause of the will of Abraham C. Simonson, as sons and daughter of Cornelius Simonson or their heirs. That clause reads as follows:

"Third. I give and bequeath to the sons and daughters of Cornelius Simonson all my real and personal estate remaining, to be equally divided among the said sons and daughters, share and share alike."

Two of the sons of Cornelius Simonson witnessed the will, and it is conceded that they were accordingly incapable of taking. Brothers and a sister of said witnesses survived the testator. Two questions are submitted, viz.:

"First. Two of the residuary legatees under the will of Abraham C. Simonson, deceased, being witnesses to the execution of the said will, did testator die intestate as to the shares, of these two residuary legatees? Second. Did the shares of Cornelius Simonson, Jr., and Abraham C. Simonson, Jr., two of the subscribing witnesses to the will, go to their brothers and sister as a class?"

In Downing v. Marshall, 23 N. Y. 366, it was held that a limitation in terms to the children of the testator's brother was to the children as a class, and that where, by reason of a legal incapacity, but one can take, that one takes all the estate which the devise gives to the whole class. The court said (page 373):

"Where a devise or bequest to two or more persons by name is in such form as to create a joint tenancy, and one of them dies before the testator, it is well settled that the whole interest vests in the survivors; and this result will take place if the gift fails as to one of the persons from any other cause than death. 1 Jarm. Wills, 295; Amb. 136; 3 Bos. & P. 16. It is equally clear that when the limitation creates a tenancy in common, the gift being to several persons by name, and not to them as a class, the same consequence will not follow from the death of one of them. In such a case the share of the one dying before the testator, or before the time when it is to vest, is lapsed. In the present case all the children of the brothers living at the death of the testator, and competent to take, would undoubtedly take as tenants in common. When an equality or inequality of shares is prescribed in express words, the language was always held to create such a relation. But the devise was not to the children by name, but to them as a class; and in such a case, although a tenancy in common may result, the same consequence does not follow as to the share of one of the class who has died, or for some other reason cannot take. Mr. Jarman says, 'Where the devise or bequest embraces a fluctuating class of persons, who by the rules of construction are to be ascertained at the death of the testator, or at a subsequent period, the decease of any of such persons during the testator's life will occasion no hiatus or lapse in the disposition, even though the devisees or legatees are made tenants in common, since members of the class antecedently dying are not actual objects of the gift.' 'Thus,' he adds, 'if property be given simply to the children or to the brothers and sisters of A., equally to be divided between them, the entire subject of gift will vest in any one child, brother, or sister, or any larger number of these objects surviving the testator, without regard to previous deaths.' 1 Jarm. Wills, 295, 296. In Doe v. Sheffield, 13 East, 526, there was a devise of land to the 'sisters' of J. H., expressly, as tenants in common, and to their heirs and assigns forever. There had been three sisters of J. H., but only one was living at the death of the testator, or at the date of the will. It was held that she was entitled to the whole. So, in Viner v. Francis, 2 Brown, Ch. 658, a legacy of £2,000 was given

in equal shares to the 'children' of a deceased sister of the testator, of whom there were three at the date of the will, but one died in his lifetime. It was held that the two survivors were entitled to the whole sum. See, also, 3 Hare, 348. I do not find in the books the exact case where the gift was to a class of persons as tenants in common, some of whom were incapable of taking by reason of alienage. But such a case falls within the principle of those referred to. Whether the impossibility of taking is a natural one, arising from the death of one or more of the devisees, or whether it flows from a legal incapacity, the result appears to me the same. In the example before us, the testator contemplated the objects of his bounty as a class, and not as individuals. The gift was to vest whenever his son should die without issue, and in fact it vested as soon as the will took effect by the decease of the testator himself; the contingent event having previously occurred. We think that James E. Marshall then became entitled to the one-half of the real estate in question, as the only competent representative of the class to which it was devised."

In Hoppock v. Tucker, 59 N. Y. 202, the bequest was to three children of a deceased daughter of the testator, by name. One of the children died without issue before the testator, and it was held that, notwithstanding the general rule that a bequest by name would be regarded as a personal legacy to each child, yet the general scheme of the will indicated an intent on the part of the testator to treat the grandchildren as a class, and that accordingly the two survivors took the whole.

These cases seem decisive, on principle, of the questions presented. The bequests to the sons and daughters of Cornelius Simonson is in effect to his children, and the nature of the incapacity to take cannot be of any importance in effecting the result. The first question is answered in the negative, and the second in the affirmative. It follows that the plaintiff has not established a cause of action, and that judgment should be rendered in favor of the defendants.

Judgment for defendants, with costs, on submitted case. All concur.