In the Matter of the Application of the WESTCHESTER COUNTY NATIONAL BANK, as Executor, for a Determination as to the Validity, Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of HENRY L. ARMSTRONG, Deceased.

Surrogate's Court, Westchester County, June 9, 1925.

Wills — construction — codicil reciting death of beneficiary directed that bequest of $40,000 in his favor be given to his children — testator by 2d codicil revoked prior gift to deceased beneficiary and directed that $20,000 be paid to each of said beneficiary's two children " in lieu and in the place and stead " of gift made in 1st codicil — general intent of will shows right of survivorship in said children — 2d codicil did not revoke by implication gift to children as class as set forth in 1st codicil — death of one child did not cause lapse of legacy — other child, as survivor of class, takes entire legacy.

A codicil in a will reciting the death of testator's beneficiary and directing that the bequest of $40,000, made in beneficiary's favor in said will, be given to the children of said beneficiary, which was subsequently superseded by the execution of a 2d codicil revoking the prior gift to the deceased beneficiary and directing that $20,000 be paid to each of said beneficiary's two children " in lieu and in the place and stead " of the gift made in the 1st codicil, in the absence of any express revocation of the clause in the 1st codicil substituting said beneficiary's children in his place and stead, or the substitution of anything for the gift of $40,000, should be construed as giving said gift to said children as a class, where the general intent of testator's will shows a right of survivorship in said children, and the provisions of the two codicils, in so far as the gift to the children is concerned, are not inconsistent. Moreover, the 2d codicil did not operate as an implied revocation of the testamentary disposition to said children as made in the prior codicil in the absence of testator's plain direction or by the clear import of language in some inconsistent or repugnant provision.

Nor did the death of one child cause a lapse of the legacy, the whole of which now vests in the other child as survivor of the class.

PROCEEDING for construction of will.

*Edward G. Halsey*, for the petitioner.

*Douglas Macduff*, for certain residuary legatees.

*Strang & Taylor*, for Harriet Armstrong, beneficiary.

SLATER, S.:

The executor seeks the construction of this will. The testator died the 9th day of February, 1925, leaving him surviving Evelyn P. Armstrong, his widow; Mary E. Barmore, a sister; Sarah J. Perry, a sister; Harriet Armstrong, a niece, a daughter of a deceased brother, Sela; and Fred A. Armstrong, a nephew, a son of another deceased brother. He left a last will and testament dated January 18, 1915, a 1st codicil thereto dated September 21, 1916, and a 2d codicil thereto dated October 3, 1919, which were duly admitted to probate in the county of Westchester on February 26, 1925. The following are the provisions of the will and codicils concerning which the petitioner requests the determination of the court:

*Will.* Item "*Twentieth.* I give and bequeath general legacies in the amounts and to the persons named as follows:.

" 1. To my brother, Sela Armstrong, of Peekskill, New York, the sum of Forty Thousand ($40,000) Dollars. * * * "

*First codicil.* Item "*Sixth.* My brother Sela Armstrong having died since the execution of my said will, it is my purpose and direction that the children of said Sela Armstrong shall take in his place and stead and receive the benefits therein given to my said brother."

*Second codicil.* Item "*Seventh.* Whereas by Clause ' 1 ' of paragraph ' Twentieth ' of my said Will I did give and bequeath to my brother Sela Armstrong, the sum of Forty Thousand ($40,000) Dollars; and thereafter upon his death by the ' Sixth ' paragraph of said Codicil to my Will did declare it to be my purpose and direction that the children of the said Sela Armstrong shall take in his place and stead and receive the benefit therein given to my said brother, I do now revoke the said Clause ' I ' of paragraph ' Twentieth ' of my said Will and in lieu and in the place and stead of the ' Sixth ' paragraph of said Codicil to my Will expressly give and bequeath to my niece, Harriet Armstrong of Peekskill, N. Y., the sum of Twenty Thousand Dollars ($20,000), and to my niece Emma V. Cummings, of Putnam County, N. Y., the sum of Twenty thousand dollars ($20,000), each being a child of my brother the. said Sela Armstrong."

*Second codicil.* Item "*Twentieth.* Whereas by the ' Twenty-third ' paragraph of my said Will I did give, devise and bequeath ALL the rest, residue and remainder of my estate, both real and personal, unto my brother, Sela Armstrong, my sister Mary E.

Misc. 153]     Surrogate's Court, Westchester County, June, 1925.

Barmore, my sister Sarah J. Perry and my niece Mary B. Anderson, share and share alike, I now desire to and do hereby reform and amend said Paragraph of my Will and do hereby give, devise and bequeath ALL the rest, residue and remainder of my estate, both real and personal, unto the said Mary E. Barmore, Sarah J. Perry, Mary B. Anderson and to my niece, Harriet Armstrong, and my niece Emma V. Cummings, in such shares and portions as follows:

"To my sister, the said Mary E. Barmore, two-eighths (2/8) part of the whole of said rest, residue and remainder of my estate.

"To my sister, Sarah J. Perry, one-eighth (1/8) part of the whole of said rest, residue and remainder of my estate.

"To my niece, Mary B. Anderson, three-eighths (3/8) part of the whole of said rest, residue and remainder of my estate.

"To my niece, Harriet Armstrong, one-eighth (1/8) part of the whole of said rest, residue and remainder of my estate.

"To my niece, Emma V. Cummings, one-eighth (1/8) part of the whole of said rest, residue and remainder of my estate."

Emma V. Cummings, who with Harriet Armstrong constituted the only children of Sela Armstrong, the brother, predeceased the testator and after the making of the 2d codicil. It is the contention of the residuary legatees that the gift in the 7th paragraph of the 2d codicil to Emma V. Cummings of $20,000 lapsed.

It is a rule of law that where the devise or bequest is to a class of persons, in general terms, the decease of any of such persons during the testator's life will occasion no lapse.

It is also a rule of law that, in a case of a bequest to individuals described by name, the death of one will cause a lapse, unless an intent to the contrary appears.

It will be observed that the 6th paragraph of the 1st codicil recites that the brother Sela having died, " it is my purpose and direction that the children of said Sela Armstrong shall take in his place and stead and receive the benefits therein given to my said brother." In the 7th paragraph of the 2d codicil the prior gift is recited and only the gift in the will to the brother Sela of $40,000 is expressly *revoked*. The 6th paragraph of the 1st codicil is not expressly revoked; but the statement is made that " in lieu and in the place and stead of the sixth paragraph of said codicil to my will expressly give and bequeath to my niece, Harriet Armstrong $20,000 and to my niece Emma V. Cummings $20,000 each being a child of my brother, the said Sela Armstrong."

The question presented for decision is whether the 2d codicil impliedly revoked the gift to the children of the brother Sela as a class as set forth in the 1st codicil, so that the gift of $20,000 each to his named children created simply a gift to individuals falling

within the rule relating to lapsed legacies in the event of one dying before the testator.

A revoked codicil may be examined and regarded in ascertaining the construction of the will. It may serve to explain his intention. (*Wetmore* v. *Parker*, 52 N. Y. 450, 464; *Langdon* v. *Pickering*, 19 Me. 214.) Even without this stated rule of law, we have the words of the testator in regard to this gift, recited at length in the 2d codicil. Several testamentary instruments are to be taken, construed and reviewed together. (*Ward* v. *Ward*, 105 N. Y. 68; *Matter of Title Guarantee & Trust Company*, 195 id. 339.)

The testator made gifts in like amount to his two sisters, and a niece. The gifts to the brother and sisters and niece were equal in amount. No discrimination was made. The only children of Sela, two in number, with others, were bequeathed other and separate sums of money, by other clauses of the 20th paragraph of the will, and they, too, are numbered among the residuary legatees, together taking the original one-fourth share of their father Sela. He remembered the stocks with equality.

The testator by the 2d codicil did not expressly revoke the clause in the 1st codicil which substituted Sela's only children in his place and stead, as provided by section 34 of the Decedent Estate Law. Is there an implied revocation born of repugnancy of the two provisions? Cases of implied revocation arise from inconsistent dispositions in the will and codicil. The will is affected only so far as there is a repugnancy between it and the codicil. It is not supposed the testator in case of an implied revocation intended to affect the will by the codicil any further than was necessary to give effect to the codicil. In all other respects the purpose and intent of the testator, manifested by the will, are deemed unchanged. (1 Jarman Wills [6th Eng. ed.], 172.)

There was no substitution of an amount of money or articles in place of the gift of $40,000. The gift in value is the same. Did the testator intend to substitute the law of construction regarding lapsed legacies in lieu, place and stead of the law of construction relating to gifts to a class? The legal distinction between language constituting a class and *personæ designatæ* is somewhat artificial.

The designation of each individual by name will not be held to make the devise operate as a gift of a separate interest to each individual named which would lapse by death before the testator, if it was the intention of the testator to do otherwise. The inference which would otherwise be drawn from such individual designation must yield to the general intent found in the will, and in the instant case that is to give the estate to the children of his brother Sela. (*Schaffer* v. *Kettell*, 14 Allen, 528.) The construction is to

be made not solely on the bequest itself, but on the bequest taken in connection with the context of the will and the general intent. If we can discover in this will sufficient evidence of the intention of the testator that the children of his brother Sela should take the gift of $40,000, there is authority to give effect to that intention.

The technical rules of interpretation will not be permitted to control the general rule that the intention of the testator as gathered from the whole will must govern in this construction.   Although it is a rule that, when an aggregate sum is given to several to be divided among them *nominatum*, if one of them dies before the testator, his share will lapse; yet the mere fact that he mentions by name the individuals who make up the class is not conclusive, and if the intention to give a right of survivorship is collected from the remaining provisions, said intention must prevail.   *Pierpont* v. *Patrick* (53 N. Y. 591), cited by counsel for the residuary legatees, is not in point.   In that case the codicil in terms revokes a provision of the will.   Counsel also lays stress upon the words " in lieu, place and stead " thereof as used in the 2d codicil.   The essence of a legacy is the money, or article given.   They are spoken of and intended.   But where money is given and the like amount is bequeathed again, or amounts equalling a similar amount, it must be held to be simply a rebequeathing and restating the gift and nothing more.   It is true that the popular definition of the words " in lieu, place, and stead " are expressive of substitution of one thing for another, *but* in the instant case nothing is substituted. The implied revocation has failed, or at the most the words of the last codicil are only in addition to the well-stated and unrevoked clause indicating a gift to all the children of Sela as a class.   The testator cannot be charged with an intent to withdraw the bequests.

A revocation of an earlier disposition of a will by a later one, or by a codicil, on the ground of repugnancy, is never anything but a rule of necessity and operates only so far as is requisite to give the later provision effect.   (*Austin* v. *Oakes,* 117 N. Y. 577, 598.)

A codicil is intended to add to, modify or revoke the prior will in the respects which may appear, and it cannot have any other operation than may be necessary to give effect to the provisions as a later expression of the testator's will.   It follows that it could not operate as a revocation of previous testamentary dispositions, unless by some plain direction or by force of the clear import of language in some inconsistent or repugnant provision.   In the instant case the clause of the 2d codicil in question does not in terms revoke the gift to the class.   Neither does it substitute for that which is already given.   Thus, the language " in lieu, place and stead " is entitled to no special significance, and warrants

reading the words of gift in the 1st codicil without change. (*Hard v. Ashley*, 117 N. Y. 606; *Viele* v. *Keeler*, 129 id. 190, 198.)

A codicil will not operate as a revocation of a previous testamentary provision beyond the clear import of its language. (*Redfield v. Redfield*, 126 N. Y. 466, 471.)

The testator never intended to substitute a rule of law declared by the courts in lieu or place of another rule of law, likewise declared. He was making a gift of money. The provisions of the two codicils, in so far as the gift of $40,000 to the children of Sela Armstrong is concerned, are not inconsistent and the 2d codicil did not revoke the provisions of the 1st codicil by implication, because nothing was substituted.

It is my opinion that the legacy given by the 1st codicil to a *class of persons* is unrevoked. The death of one of the children of Sela Armstrong before the testator did not cause a lapse; and the survivor of the class takes the whole. (*Hoppock* v. *Tucker*, 59 N. Y. 202; *Jackson* v. *Roberts*, 14 Gray, 546; 2 Williams Exrs. [4th Am. ed.], 1036, 1045, 1046; 1 Roper Leg. [4th ed.] 481–486.)

I think the manifest intention in this case requires the court to hold that the children of Sela Armstrong constituted a class, representing the brother of the testator, and the surviving child Harriet Armstrong takes the part of the gift of $40,000 that would have gone to Emma V. Cummings had she survived the testator.

Submit decree in accordance with this opinion.