In the Matter of the Estate of Margaret Barrett, Deceased.

John J. C. Barrett, as Executor, etc., of Margaret Barrett Deceased, Appellant; Walter Farrington, Respondent.

Second Department, April 30, 1909.

**Will — compulsory accounting by executor — lapsed legacies — will construed — gift of residuary estate to individuals not to class.**

Where twelve months have elapsed since the granting of letters testamentary, one interested in the funds of the estate is entitled to compel the executor to account.

Where a legatee dies during the lifetime of the testatrix, the legacy lapses and becomes part of the residuary estate.

Where there is a general residuary bequest, the legatee takes not only the property which the testator has not otherwise disposed of, but also every part of the estate which by lapse or otherwise is not effectually bequeathed to others.

Whether a bequest is made to a class generally or to individuals as tenants in common depends upon the language used by the testator.

A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, all being entitled to take in equal or some other definite proportion, the amount which each will take being dependent upon the ultimate number.

Where a testatrix gives the residuary estate to certain persons named "all brothers of my deceased husband" share and share alike, the legatees take, not as joint tenants, but as tenants in common, and where the testatrix makes no change in her will after the death of a residuary legatee, his share passes to her next of kin and not to the surviving residuary legatees. The words "all brothers of my deceased husband" are merely descriptive of the persons named.

Appeal by John J. C. Barrett, as executor, etc., from an order of the Surrogate's Court of the county of Dutchess, entered in said Surrogate's Court on the 14th day of December, 1908, directing the said executor to file his account.

*Palmer & Fagan*, for the appellant.

*Walter Farrington*, respondent, in person.

Order of the Surrogate's Court of Dutchess county affirmed, with ten dollars costs and disbursements, on the opinion of the surrogate.

Woodward, Jenks, Gaynor, Burr and Rich, JJ., concurred.

The following is the opinion of the surrogate:

HOPKINS, Surrogate:

Margaret Barrett, late of East Fishkill, died May 30, 1907, leaving a will which was duly admitted to probate by the surrogate of Dutchess county September 23, 1907, and on that day letters testamentary were issued to John J. C. Barrett, the executor named therein.

Walter Farrington, who is conceded to be one of the next of kin of the deceased, presents a petition to this court asking for a compulsory accounting of the executor, and for a distribution of the estate to the legatees named in the will, and for a decree directing the distribution of a general legacy which has lapsed by reason of the death of the legatee during the lifetime of the testatrix and a residuary legacy which has lapsed by reason of the death of the residuary legatee during said time amongst the next of kin of said deceased. Twelve months having elapsed since letters testamentary were issued to the executor, the petitioner is entitled to an accounting, providing he is in any way interested in the funds of the estate. His interest, therefore, depends upon a construction of two clauses of the will of said deceased which will be taken up separately.

Under the 2d clause of said will the testatrix makes the following bequest: "*Second.* I give and bequeath unto my brother, Peter F. Mead, the sum of one thousand dollars." Said Peter F. Mead having died during the lifetime of said testatrix, the question arises as to what becomes of this legacy.

In consequence of the death of Peter F. Mead during the lifetime of the testatrix, the legacy lapses, and, under the general rule of law applicable to general legacies which may lapse or may be invalid for any reason, such lapsed legacy becomes a part of the residuary estate in all cases where the testator has made such provision.

It appears that said testatrix created a general residuary clause in her will giving to persons therein named all the rest and residue of her property after the payment of the general legacies to certain legatees named therein.

The general proposition of law is that a general residuary bequest of personal property carries to the residuary legatee not only such estate and such interest therein as the testatrix did not attempt to dispose of by other provisions of her will, but every part of her prop-

erty which by lapse or otherwise is not effectually bequeathed and disposed of to others. (*Matter of Benson*, 96 N. Y. 499; *Moffett* v. *Elmendorf*, 152 id. 475; *Langley* v. *Westchester Trust Co.*, 180 id. 326; *Leggett* v. *Stevens*, 185 id. 79.)

Therefore, it is my conclusion that the legacy to Peter F. Mead, which lapsed by reason of his death before the testatrix, goes into the residuum of the estate and inures to the benefit of each of the residuary legatees capable of taking at the death of the testatrix, share and share alike, and that the petitioner herein, said Walter Farrington, has no interest whatever in such legacy.

The second question involved in this matter arises from the fact that Isaac D. Barrett, one of the residuary legatees, died in the lifetime of the testatrix, and it is necessary for a construction of the residuary clause of said will to ascertain what becomes of his share, and as to whether his share passes to the surviving residuary legatees or passes to the next of kin as property undisposed of by the will. The residuary clause in said will reads as follows: "*Eighth*. I give and bequeath unto Simeon Barrett, Moseman Barrett, Isaac D. Barrett, Wright Barrett, all brothers of my deceased husband, John Barrett, all the rest and residue of my property to share and share alike, except the sum of three hundred dollars, which I give and bequeath unto Louisa Ostrom, wife of Richard Ostrom, Sarah Miles, Harriet Miles, the said sum of three hundred dollars to share and share alike."

The petitioner contends that the legacies were intended to go to these four persons in equal shares as tenants in common, and that Isaac D. Barrett having died during the lifetime of said testatrix, his one-fourth share passes to the next of kin of said deceased, and not under the will, but the contention made by the executor is that, under the language of the residuary clause, it was the intent of the said testatrix to have the four people named in said clause take the residuary as joint tenants, and in such case the three surviving residuary legatees would take the share of the one who died; in other words, the executor contends that the gift under the residuary clause was to a class and not to the individuals.

Whether a devise or bequest in a will is to a class or to the individuals as tenants in common must depend upon the language employed by the testatrix in making the gift. All the provisions

of the will may be consulted, and sometimes aid may be sought from the situation and relation of the parties. In this case there is nothing in the will outside of the residuary clause itself that throws any light on this question, and I have not been able to find in any of the cases cited any attempt to define or formulate with much accuracy the language or circumstances necessary to constitute a gift to a class. Perhaps from the nature of the question it is impossible to lay down any general rule or to do more than to determine every case upon its own facts and to construe every will with reference to the language employed by the testatrix and the surrounding circumstances. The language and the circumstances are so seldom identical that it is not often that one case can be determined upon the authority of some other case or class of cases. But there are some principles and canons of construction recognized by all authorities which when employed to the particular case will ordinarily enable the courts to arrive at a reasonable and just conclusion.

When stated and applied to this case it will be seen that there will be little difficulty in determining the nature and character of the gift to Simeon Barrett, Moseman Barrett, Isaac D. Barrett and Wright Barrett, whether collectively as a class or distributively as tenants in common.

In legal contemplation a gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or some other definite proportion, the share of each being dependent for its amount upon the ultimate number. (*Matter of Kimberly*, 150 N. Y. 90, 93; *Matter of Russell*, 168 id. 169; *Langley* v. *Westchester Trust Co.*, 180 id. 326.)

Here, in this case, the number of persons was certain at the time of the gift, the share each was to receive was also certain, being one quarter of the residuary estate, and was in no way dependent for its amount upon the number who should survive, and, therefore, this case is not within the principle invoked by the executor and to which he applies the decision in *Hoppock* v. *Tucker* (59 N. Y. 202), and in which case the court says that their conclusion is arrived at with some hesitation.

The executor also contends that it was the intention of the testatrix by the language employed in the residuary clause to give the

residue of her property to the four people named therein as a class and not as individuals because, after naming them, she added the words "all brothers of my deceased husband, John Barrett," and that thereby she intended to designate them by such reference to be a class and to take the residuary property as if their names had not been mentioned in such will, but the clause had read "I give and bequeath unto all brothers of my deceased husband, John Barrett, all the rest and residue of my property, to share and share alike."

I cannot agree with this contention, as it seems to me that the words, "all brothers of my deceased husband, John Barrett," following the names of the individuals in the residuary clause, were merely descriptive and inserted therein for the purpose of identifying each particular Barrett, in order, perhaps, to distinguish them from other Barretts of the same name, or in the same locality.

If the testatrix had intended to make her gift to these four people as a class, it would have been a very simple and easy matter to have inserted in her will a reference that all the residuary legatees were "all the brothers of her deceased husband," and such language might have then been construed as intending a class including all the brothers of her said husband without naming them, and I conclude that from the language employed in the residuary clause in this will that she intended these four people to take as individuals and as tenants in common and not as joint tenants.

The legatee died in the lifetime of the testatrix and was related to her deceased husband, and she must be presumed to have known of his death. The will spoke at her death and then first took effect. It must be treated as though the testatrix had made no disposal of the portion bequeathed to the residuary legatee, Isaac D. Barrett, and that she had intentionally died intestate as to such portion. I, therefore, conclude that the portion or share of the estate which would have gone to Isaac D. Barrett, had he survived the testatrix, does not pass to the surviving residuary legatees under the will, but must be distributed among the next of kin of the deceased as property undisposed of under the will and, therefore, the petitioner is entitled to a share in said portion and to an accounting by the executor.

Let an order be entered directing the executor to account, the time and manner to be fixed by consent or upon three days' notice by either party.