fore, established no abandonment after February 25, 1910, and before the institution of the present proceeding, and, accordingly, the judgment must be reversed.

Judgment reversed.

---

(68 Misc. Rep. 279.)

### In re FARMERS' LOAN & TRUST CO.

(Surrogate's Court, Rockland County.   June, 1910.)

WILLS (§ 627*)—CONSTRUCTION—DEATH OF LEGATEES—LAPSED LEGACIES.

  Testator directed his estate to be divided among his nephews and nieces, named. *Held*, that the legatees did not take as joint tenants, and, where some of them died before testator, the gifts lapsed, and were distributable to testator's next of kin.

  [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1452–1459; Dec. Dig. § 627.*]

In the matter of the settlement of the Farmers' Loan & Trust Company, as executor of Andrew J. Smith.   Decree rendered.

Geller, Rolston & Horan, for executor.

R. & E. J. O'Gorman, for residuary legatees.

Lord, Day & Lord, for William F. and Louisa A. Dugan, next of kin.

Edward J. McGuire, for Gilbert F. Smith and others, next of kin.

Strouse & Strauss, for Louis D. Smith, next of kin.

McCAULEY, S.   There are two or three questions presented for my consideration upon this accounting which affect the distribution of the testator's residuary estate.

The legacy of $10,000 which the testator, by the fourth clause or paragraph of the will, bequeathed to Clara Smith, his niece, undoubtedly lapsed and fell into, and now forms a part of, the residuary estate, by reason of the legatee's death during the testator's lifetime. Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457; Matter of Barrett, 132 App. Div. 134, 116 N. Y. Supp. 756, and cases hereinafter cited.

The direction to the executors, as expressed in the eighth clause or paragraph of the will, "to sell the whole of my said estate, real and personal, either at public auction or private sale, and to give good and sufficient deed, or deeds, or other instruments of conveyance for the same; and to divide the net proceeds of such sale or sales among those persons entitled thereto under the provisions of this my will," amounts to an equitable conversion of the real estate into personalty.   The language of this clause is explicit, and, when read in connection with the residuary clause which immediately precedes it, the meaning of the testator is plain.   He intended that the real estate should be converted into personalty and the proceeds distributed as such to the residuary legatees.   McDonald v. O'Hara, 144 N. Y. 566, 39 N. E. 642.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The residuary clause, above referred to, is in the following language, namely:

"Seventh. I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, of what nature or kind soever, and wheresoever situated, unto my following named nephews and nieces (children of may said brother Bartlett, and Mary A., his wife), and my grandnephew, the son of my deceased nephew Bartlett Joseph Smith (who, also, was a son of my said deceased brother) namely, Thomas C. Smith, Mary Josephine Smith, Alicia Stuart, Henry L. Smith, Clara Smith, and Bartlett Joseph Smith, Junior, equally to be divided among them, their heirs and assigns forever. The issue of any of them dying and leaving issue, to take the share the parent would have taken if living."

Two of the residuary legatees, namely, Thomas C. Smith and Clara Smith, predeceased the testator and left no issue; and the question has, therefore, arisen as to what disposition shall be made of their shares. Counsel for the four surviving residuary legatees, namely, Mary Josephine Smith, Alicia Stuart, Henry L. Smith, and Bartlett J. Smith, contends that the residuary legatees constitute a class and take as joint tenants, and, therefore, that no lapse occurred by reason of the death of the two residuary legatees, above named, and that the survivors take the entire residuary estate. The next of kin of the testator, who have been cited and appear, insist that the bequest was to the residuary legatees, not as a class, but as tenants in common, each taking severally and individually, and, therefore, that upon the death of the two residuary legatees, without issue and during the testator's lifetime, their respective shares, not being otherwise disposed of under the will, lapsed and are distributable to the testator's next of kin; in other words, that the testator died intestate as to those shares.

The rule is well established that a legacy or devise, even with or without words of limitation, lapses in case of the death of the legatee or devisee before the testator, in the absence of express words to prevent a lapse, or of something in the context of the will indicating a contrary intent, with the single statutory exception, in certain cases, of a legacy to a child or other descendant of the testator. This is also true where the gift is to several as tenants in common and not as a class. Matter of Kimberly, 150 N. Y. 90, 44 N. E. 945; Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457; Roberts v. Bosworth, 107 App. Div. 513, 95 N. Y. Supp. 239; Matter of Whiting, 33 Misc. Rep. 274, 68 N. Y. Supp. 733.

Whether a bequest in a will is to a class or to the individuals as tenants in common must depend upon the language employed by the testator in making the gift. Moffett v. Elmendorf, 152 N. Y. 475, 46 N. E. 845, 57 Am. St. Rep. 529. It will be noted that the residuary clause under consideration contains no words of survivorship; nor does it provide for any method of distribution in the event of the death of the legatees therein named, or any of them, before the death of the testator, leaving no issue them surviving.

In my opinion the language used by the testator in making the gift is not susceptible of the interpretation put upon it by counsel for the surviving legatees, when read and construed alone, or in connection with the other provisions of the will. The number of persons was certain at the time of the gift. The share that each was to receive

was also certain, being one-sixth part of the residuary estate, and was in no way dependent for its amount upon the number who should survive. It is said that in legal contemplation a gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or some other definite proportion; the share of each being dependent for its amount upon the ultimate number. Matter of Barrett, 132 App. Div. 134, 116 N. Y. Supp. 756. See, also, Matter of Kimberly, supra; Langley v. Westchester Trust Co., 180 N. Y. 326, 73 N. E. 44; Matter of Russell, 168 N. Y. 169, 61 N. E. 166.

These cases are decisive of the question under consideration. It follows, from what has been said, that the testator died intestate as to the shares of the two deceased residuary legatees, and that those shares are distributable to the next of kin of the testator. He left, as his next of kin, nine nephews and nieces, and the children and descendants of two deceased nephews. The distribution must, therefore, be made under section 2732, subd. 11, of the Code of Civil Procedure, which was in force and effect at the time of the testator's death, and which is in the following words:

"Where such descendants or next of kin are of unequal degree of kindred, the surplus shall be apportioned among those entitled thereto, according to their respective stocks; so that those who take in their own right shall receive equal shares and those who take by representation shall receive the share to which the parent whom they represent, if living, would have been entitled."

See Matter of Prote, 54 Misc. Rep. 495, 104 N. Y. Supp. 581, affirmed 133 App. Div. 928, 118 N. Y. Supp. 1136.

The shares as to which the testator died intestate must, therefore, be divided into 11 equal parts, and so distributed that each of the next of kin will receive the following share of the whole, namely: To Gilbert F. Smith, Henrietta C. Clark, and Edna S. Robinson, each one thirty-third; to Louisa Hughes, William F. Smith, Alicia Stuart, Henry L. Smith, Margaret A. Smith, Bartlett J. Smith, Mary J. Smith, Louis D. Smith, and George D. Smith, or those claiming through or under him, each one-eleventh; to William F. Dugan and Louisa A. Dugan, each one twenty-second.

Decreed accordingly.