The statute does not provide that the exemption shall be to a *public* educational, charitable, or benevolent corporation, but to *any* educational, charitable, or benevolent corporation, and surely it cannot be successfully contended that the corporation, the Trustees of the Masonic Hall and Asylum Fund, is not an educational and charitable corporation.

It follows that the order of the surrogate herein assessing and determining the tax should be modified by exempting from taxation herein the legacy and devise to the Trustees of the Masonic Hall and Asylum Fund, and an order will be entered accordingly.

Decreed accordingly.

---

(76 Misc. Rep. 81.)

### In re HAWLEY'S ESTATE.

(Surrogate's Court, Rensselaer County. March, 1912.)

WILLS (§ 523*)—CONSTRUCTION—DISTRIBUTION.

Testatrix's parents were dead, and of her deceased uncles and aunts two uncles and two aunts left living children. Testatrix gave a bed to a nephew and one-fifth of her residuary estate to each of the four branches of the family, in one of which there was a surviving cousin, in another two who predeceased testatrix, and in another three, and in another seven, and the remainder was given to the six children of two deceased cousins; the legatees being named as children of a certain person. *Held* to show an intent to divide the residuary estate among classes of relatives, and not among individuals, and each class received the same amount, whether made up of one, two, three, six, or seven individuals.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1115; Dec. Dig. § 523.*]

In the matter of the judicial settlement of the estate of Jane Hawley. Decree rendered.

W. A. Glenn, for executor.
J. A. Cipperly, for William Hawley.
W. W. Morrill, for Gurdie G. Hawley and Ella H. Lewis.
Michael D. Reilly, special guardian of incompetent person.

HEATON, S. Upon this judicial settlement the will of the deceased must be construed to determine whether or not she died intestate as to any of her property, and for that purpose other persons who might possibly be affected by the construction have been made parties, as well as the legatees.

Miss Hawley made her will in 1887, and at that time she had one nephew, William Hawley, and fifteen first cousins, living. Her mother and father were dead, as were all of the brothers and sisters of her father and mother, twelve in number. Four of these brothers and sisters of her parents left one or more children living, and it was to these, including the children of two deceased cousins, that she gave her property, instead of to her nephew.

By the first clause of her will she directed the payment of her debts, funeral, and administration expenses, and the erection of a headstone at her grave.

The second clause was as follows:

"I give and bequeath to William Hawley, son of Nelson Hawley, one bed both feather and straw bed together with bedding for the same."

This was the only provision in the will for her only nephew and nearest relative.

The third clause read:

"I will and direct that the remaining part of my property be divided in five equal parts and distributed as follows, that is to say:

"1st. I give and bequeath to Harriet Bennett, Mary Ann Bedell, wife of Joseph Bedell, and Martha Vandenburgh, wife of Charles Vandenburgh all daughters of Andrew Bedell one fifth to be equally divided between them each to share and share alike."

By the second subdivision she gave one-fifth to the seven children of George Brockaway using exactly the same language.

By the third subdivision she gave one-fifth to the one surviving child of George Hollister.

By the fourth subdivision she gave one-fifth to the two children of Reuben Hawley.

By the fifth subdivision she gave one-fifth to the six children of two deceased cousins.

In each case the legatees were named and were described as children of a certain person.

The necessity for a construction of the will arises from the fact that between the making of the will and the death of testatrix the two children of Reuben Hawley, to whom was given a one-fifth share, and one of the three children of Andrew Bedell, and one of the three children of Wilson Hollister, a deceased cousin, have died, so that it must be determined whether the legacies were to the different individuals as tenants in common, and so lapsed by their deaths and under this will became undisposed of estate going to William Hawley, the only next of kin, or whether the gifts were to classes and the survivors of such classes take in their own right.

The general and well-settled rule in this class of cases is that, where the persons to take are named and their shares fixed, they take as tenants in common, and not as a class. Matter of King, 200 N. Y. 189, 93 N. E. 484, 34 L. R. A. (N. S.) 945, 21 Ann. Cas. 412; Matter of Barrett, 132 App. Div. 134, 116 N. Y. Supp. 756; Matter of Hoffman, 201 N. Y. 247, 94 N. E. 990. But, like every rule, this rule has its exceptions, or, rather, it yields to others equally as well settled when the will and surrounding circumstances plainly show an intention inconsistent with the application of the rule in question.

In this case the application of the rule would make the testatrix intestate as to three-tenths of an estate of over $6,000. In Matter of Stone, 15 Misc. Rep. 317, 37 N. Y. Supp. 583, it was said that, where a will was capable of two constructions, one would not be adopted which would leave a large portion of the estate undisposed of. See, also, Matter of Keenan, 15 Misc. Rep. 368, 38 N. Y. Supp. 426. In

Roosevelt v. Porter, 36 Misc. Rep. 441, 73 N. Y. Supp. 800, the testator expressly excluded a certain branch of the family and gave his property to others, some of whom died before him, and it was held to be a case where the will should be construed as making bequests to classes, since the other construction would defeat the expressed intention of the testator not to give any part of the estate to the excluded persons. See, also, Page v. Gilbert, 32 Hun, 301.

In the case at bar the desire that William Hawley should not share in her estate is as forcibly expressed by leaving him only a bed, as it well could be. Where the will clearly indicates that the devise is to a class, and was intended to benefit a particular class and not the particular individuals of a class, the right of the survivors to take the whole has been maintained. Moffett v. Elmendorf, 82 Hun, 474, 31 N. Y. Supp. 726; Hoppock v. Tucker, 59 N. Y. 202. The intention of this testatrix to make her bequests for the benefit of classes of her relatives, and not of individuals, seems clear. Of the twelve brothers and sisters of her parents, all of whom were dead, only four, one brother of her father and two sisters and one brother of her mother, had living children. To each of these four branches of the family she gave a one-fifth part of her estate. In one branch there was one surviving cousin, and she was given one-fifth; in another two surviving cousins were given the same; in another three and in another seven surviving cousins were given the same amount. The fifth share was given to the six children of two deceased cousins.

This method of distribution shows a clear intention of dividing the residuary estate among classes of relatives, and not among individuals. Each class had the same amount, whether it was made up of one, two, three, six or seven individuals. It was not the individuals she had in mind so much as the fact that those certain individuals were the living representatives of all her deceased uncles and aunts. It was said in Ferrer v. Pyne, 81 N. Y. 281, that the rule of taking as tenants in common would yield to a very faint glimpse of a different intention. The intention is plain that the nephew should receive only a bed, and not a bed and upward of $1,800. It is equally clear that the intention of the testatrix was that the one-fifth parts of her estate should go to those who constituted the classes she had selected to receive them, even though some of them died before her death, even as others had died before she made the will. The scheme and plan of her will was to divide the estate into five parts, the number of classes, and not into nineteen parts, the number of individuals benefited.

Let a decree be entered dividing one-fifth of the residue among the five surviving children of Walter and Wilson Hollister, equally; one-fifth to Lydia Hollister; one-fifth to the seven children of George Brockway; one-fifth to the two surviving children of Andrew Bedell, equally. Both of the legatees, children of Reuben Hawley, having died, that one-fifth share lapses and will be decreed to William Hawley, the only next of kin.

Decreed accordingly.