In the Matter of the Judicial Settlement of the Account of GEORGE E. GOODRICH and FRED R. WHEELER, as Executors of the Estate of FREDERICK STEBBINS, Deceased.

Surrogate's Court, Tioga County, June 12, 1925.

Wills — construction — will gave residue of property to designated person and his wife on condition that they would care for testator until his decease — testator intended beneficiaries were to take property jointly as class — entire residue vested in surviving beneficiary.

A clause in a will, following provisions for certain legacies, giving all the residue and remainder of testator's property to a designated person and his wife, on condition that they would care for him as long as he lived, together with the fact that said testator lived with said beneficiaries as a member of their family and had, in talks with several witnesses who were sworn, declared that he intended that the parties with whom he was living should have what was left of his property, should be construed as giving testator's property to said beneficiaries jointly, as a class. The entire residue of the property became vested in the surviving beneficiary upon the death of her husband.

PROCEEDING for judicial settlement of account of executors involving construction of will.

*George E. Goodrich*, in person and for Fred R. Wheeler, executors.

*Mandeville & Personius*, for Sophronia A. Shepard and another, committee of Sophronia A. Shepard.

*Eugene L. Shepard* in person.

TURK, S.:

Frederick Stebbins died on the 16th day of November, 1922, testate, he being at the time of his death a resident of the town of Spencer in the county of Tioga.    His will, which was dated December 8, 1921, was admitted to probate in the Surrogate's Court of Tioga county on the 4th day of September, 1923, and letters testamentary were granted to George E. Goodrich and Fred R. Wheeler.    On the 15th day of January, 1925, the said executors filed their account and a petition asking for a judicial settlement of said account.

LaGrange S. Shepard, one of the legatees mentioned in the 3d paragraph of said will, died in March, 1922, prior to the death of the testator and an application has been made on this accounting for a construction of the 3d paragraph of the will.

After directing the payment of debts and funeral expenses and the payment of two legacies the 3d paragraph of the will provides as follows:

"*Third.* All the residue and remainder of my property of whatever kind or nature I give and bequeath to LaGrange S. Shepard and Sophronia A. Shepard, his wife, upon condition, however, and with the understanding and expectation that they will care and provide for my wants in sickness and in health so long as I am alive and give me a respectable burial as indicated at my decease in the Green Hills Cemetery at Dryden, N. Y."

The testator left surviving no relatives, except cousins, that were known to the executors and service of citation on this accounting was made by publication on all of the heirs at law and next of kin of said Frederick Stebbins.    No appearance was made on the return of citation except on behalf of Sophronia A. Shepard, who is now incompetent, which appearance was made by her committee and counsel.

Evidence was taken on the return of the citation from a number of witnesses produced, for the purpose of ascertaining, if possible, the intention of the testator at the time of making the will, it being the claim of Sophronia A. Shepard and her representative that it was the intention of the will to give the residue of the estate to LaGrange S. Shepard and Sophronia A. Shepard, his wife, jointly.

If this was a conveyance of real estate there is no doubt but what Mr. and Mrs. Shepard would have taken as tenants by the entirety but estates by the entirety are peculiar to real estate and no such thing exists, except by analogy, as to personal property. (*Matter of Blumenthal*, 236 N. Y. 448.)

The early cases held that the same rule applied to personal property as to real property and in the case of *Sanford* v. *Sanford* (45 N. Y. 723) the court held that a note payable to a husband and

wife, on the death of the husband, belonged to the survivor. This rule was followed in reference to a bond and mortgage in the lower courts in *Matter of Blumenthal (supra)*, but was reversed by the Court of Appeals in that case.

It is urged that this was a gift to a class and for that reason Mrs. Shepard, the survivor, should take the entire residue.

It is a fundamental principle that in construing a will the testator's intention must govern if such intention is not inconsistent with rules of law, statutory or otherwise. (*Montignani* v. *Blade*, 74 Hun, 297; 145 N. Y. 111.)

The inquiry in each case must be, what disposition has the testator intended to make of his estate? Such intention must be collected from the words of the will and even the facts and circumstances attending its execution must be considered, including the relation of the parties, the nature and the situation of the property and the apparent purpose of the will or special gift. (*Williams* v. *Jones*, 166 N. Y. 522.) The will must also be construed so as to prevent even partial intestacy, if possible. In *Matter of U. S. Trust Co.* (78 Misc. 227) the surrogate said: " There can be no judicial construction of a testator's language in a doubtful case until the interpretation of the meaning of his words is ascertained as matter of fact."

From the evidence taken, it appears that the testator for a number of years lived with Mr. and Mrs. LaGrange Shepard in the village of Spencer. He was treated as one of the family, ate at the table with them and, during his illness, was cared for by them. He had no other home or place at which he stayed. He did not call on any of his relatives and none of his relatives visited him. Mr. Stebbins had made several wills during his lifetime and at the end of making his last will he said that he thought Mr. and Mrs. Shepard had earned and deserved his property and that he desired them to have what was left. On each occasion that he talked with the witnesses sworn, concerning the disposition of his property, he said in substance that he intended that the Shepards should have what was left; he told the draftsman of the will that he had concluded Mr. and Mrs. Shepard should have what was left of his property and the will reads, " and with the understanding and expectation that *they* will care and provide for my wants."

It is apparent from the language of the will and from the evidence submitted that the testator did not intend to leave any part of his estate undisposed of and that he did not intend to give any portion of his estate to collateral relatives except those mentioned in the 2d paragraph of his will.

There is a legal presumption that the testator did not intend to

leave any of his estate undisposed of (*Page* v. *Gilbert*, 32 Hun, 301; *Schult* v. *Moll*, 132 N. Y. 122), and having died more than eight months after LaGrange S. Shepard and having made no further disposition of his property during that time, it is apparent that he supposed and intended that Mrs. Shepard would take all of the residue of his estate.

On the whole it seems clear that the testator intended that the beneficiaries named in the 3d paragraph of said will should take the property jointly, as a class and not as individuals. I think, therefore, that Sophronia A. Shepard is entitled to the entire residue of the estate.

Submit decree accordingly.