In the Matter of the Judicial Settlement of the Final Account of Proceedings of CARL H. YOUNG, as Administrator with the Will Annexed of MARY E. YOUNG, Deceased.

Surrogate's Court, Westchester County, December 13, 1928.

*Robert H. Bergman*, for the petitioner.

*William C. Rungee*, for Charlotte Woolley and others.

SLATER, S. Upon this judicial settlement a construction of the will is requested, in order to determine whether or not said Mary E. Young died intestate as to any of her property.

The testatrix died on January 1, 1928. She had never married. Her entire estate consisted of personal property amounting to the sum of $11,134.46.

The will is dated July 9, 1906, and is apparently in the handwriting of the testatrix. At the time of the execution of said will, testatrix had a brother, George W. Young, Sr.; a sister, Augusta C. Wagner; and a half-sister, Louise Siegman, living. The brother, George W. Young, had three children living, namely, Carl H. Young, George W. Young, Jr., and Elmer E. Young. The sister, Augusta C. Wagner, had two children living, namely, Mary Louise Rado and Augusta C. Wagner. The half-sister, Louise Siegman, had three children living, namely, Charlotte Woolley, Anna Gardner and Louise Siegman. Her father was dead, but her mother was still alive, but has since died.

At the time of the death of the testatrix, the brother, George W. Young, Sr., the half-sister, Louise Siegman, as well as two of the nephews, namely, George W. Young, Jr., and Elmer E. Young, children of the brother, George W. Young, Sr., had predeceased her. The heirs and next of kin of testatrix, therefore, who would take if there was no will are Carl H. Young, nephew, and only surviving child of George W. Young, Sr., a brother; Augusta C. Wagner, a sister, and Charlotte Woolley, Anna Gardner and Louise Siegman, the only children of the deceased half-sister, Louise Siegman.

The provisions of the will affecting the question are as follows:

" *First*. After my lawful debts are paid I give and bequeath all the money or any other property, I may die possessed of to my two nieces and ~~three~~ nephews, respectfully Mrs. Mary Louise Rado, Miss Augusta C. Wagner, daughters of my sister Mrs. A. C. Wagner, and Carl H. Young, ~~George W. Young, Jr., Elmer E. Young,~~ sons of my brother George W. Young to share and share alike, those who are of age are to receive theirs immediately and the rest as they become of age. I leave nothing to my step sisters children as I consider that they received enough of my mothers saving from my fathers estate.

"~~I hereby appoint my brother G. W. Young guardian & Executor for his sons~~, the rest are of age and need no guardian."

The will excludes the children of her stepsister, Louise Siegman. She says: " I leave nothing to my step sisters children as I consider that they received enough of my mothers saving from my fathers estate." Her intention to give her estate to the persons named in her will as a class, rather than *nominatum*, is further indicated by the changes which decedent apparently made in her will, upon the death of her two nephews, George W. Young, Jr., and Elmer E. Young, and her brother, George W. Young, Sr. Upon the death of the persons named, decedent drew a line through the word " three " in the 3d line of paragraph " first " of her will, and wrote the word " two " above it. This word was also crossed out, and a line drawn through the letter " s " in " nephews," making it read in the singular instead of in the plural. Lines were also drawn through the names " George W. Young, Jr.," and " Elmer E. Young," and the word " deceased " written over each name. There was also a line drawn through the words " I hereby appoint my brother G. W. Young guardian & Executor for his sons." As the will was apparently in the handwriting of the testatrix, and was found in her safe deposit box upon her death, it is reasonable to suppose that the decedent had herself made the changes above indicated.

The general and well-settled rule is that, where the persons to take are named and their shares fixed, they take as tenants in common and not as a class. (*Matter of King*, 200 N. Y. 189; *Matter of Hoffman*, 201 id. 247; *Matter of Barrett*, 132 App. Div. 134.) But, like every rule, this rule has its exceptions, or rather, it yields to others equally as well settled, when the will and surrounding circumstances plainly show an intention inconsistent with the application of the rule in question. (*Matter of Hawley*, 76 Misc. 81, 83.)

Although it is a rule that when an aggregate sum is given to several to be divided among them *nominatim*, if one of them dies before the testator, his share will lapse; yet the mere fact that he mentions by name the individuals who make up the class is not conclusive, and, if the intention to give a right of survivorship is collected from the remaining provisions, said intention must prevail. (*Matter of Armstrong*, 125 Misc. 153; *Roosevelt* v. *Porter*, 36 id. 441; *Page* v. *Gilbert*, 32 Hun, 301.)

In the instant case the testatrix intended that the persons named in her will should take, to the exclusion of the stepsister's children. I am of the opinion that the bequest of the residuary estate to the nieces and nephews named in her will was a bequest

to them as a class; that the death of George W. Young, Jr., and Elmer E. Young before the testatrix did not cause a lapse of their respective shares of the residuary estate, and that the survivors of the class, to wit, Mary Louise Rado, Augusta C. Wagner and Carl H. Young take the whole. (*Hoppock* v. *Tucker*, 59 N. Y. 202; *Matter of Hawley*, *supra*; *Matter of Armstrong*, *supra*.)

Submit decision in accordance with this opinion.