In the Matter of the Estate of EMMA LOUISE OAKLEY, Deceased.

Surrogate's Court, Suffolk County, December 2, 1929.

*Harry Paul Fishel*, for the administratrix.

*Robert T. Oliver*, for Preston Llewellyn Corson.

*Robbins, Wells & Housel*, for Helen Dickerson.

PELLETREAU, S. This matter comes up upon the final accounting of Frances Poock, as administratrix with the will annexed of the estate of Emma Louise Oakley, deceased.

Emma Louise Oakley died in 1920, leaving a will probated December 2, 1920, and appointing her husband, Henry Oakley, Sr., executor thereof. After the payment of debts and funeral expenses, the entire estate, real and personal, was therein given to her husband, Henry Oakley, Sr., for and during the term of his natural life. Thereafter, the 3d and 4th paragraphs of the will provided as follows:

" *Third.* After the death of my said husband, Henry Oakley, Sr., I order and direct that my said estate so devised and bequeathed to him for life be divided into six equal parts, and I give, devise and bequeath to the following named six children of Smith Oakley, brother of my husband, Henry Oakley, Sr., namely, Henry Oakley, 2nd, Etta Corson, Mildred Strong, Frankie Pope, Claire Cox and Helen Dickerson, each one of said parts, to have and to hold the same absolutely and forever.

" *Fourth.* In the event of the death of any of the above-named six children of Smith Oakley, leaving lawful issue him or her surviving, then the share of the parent shall go to the lawful issue of said parent *per stirpes* and not *per capita.*"

On the 15th day of August, 1926, one of said six children, namely, Etta Corson, died, leaving no lawful issue her surviving. She left a will which has been duly probated in Suffolk county, which, after the payment of debts, funeral expenses and a bequest of $100 to the Babylon Cemetery Association, gave all her property, real and personal, to her husband, Preston Llewellyn Corson, to his use forever. He still survives.

On the 10th day of January, 1929, the said Henry Oakley, Sr., hereinbefore referred to, died, leaving property and assets of the estate of Emma Louise Oakley unadministered. Thereafter and on the 19th day of February, 1929, the accounting party herein, Frances Poock, was appointed administratrix with the will annexed of the estate of Emma Louise Oakley.

The record indicates that Henry Oakley, Sr., had made no accounting in his lifetime.

No provision is made in the will of Emma Louise Oakley disposing of the interest or share of any of said children dying prior to the life tenant, Henry Oakley, Sr., except in case lawful issue survived. Etta Corson died prior to the death of the life tenant, Henry Oakley, Sr. Objection is raised and the question arises whether a one-sixth interest in the estate of Emma Louise Oakley vested in Etta Corson immediately upon the death of said Emma Louise Oakley, subject to the life estate of Henry Oakley, Sr. If it did, then her surviving husband, Preston Llewellyn Corson, is entitled to that one-sixth interest. The other five children of Smith Oakley named in the 3d paragraph of the will of Emma Louise Oakley still survive.

It is fundamental that the law favors testacy rather than intestacy. I think Emma Louise Oakley intended to die testate as to all her property. I conclude that the six children of Smith Oakley named had an equal vested interest in the estate, subject to the life estate of Henry Oakley, Sr.

The expression in the 3d paragraph of the will of said Emma Louise Oakley, " and I give, devise and bequeath to the following named six children of Smith Oakley * * * each one of said parts, to have and to hold the same absolutely and forever," is strong evidence of intention to, immediately upon her death, vest a one-sixth interest in each of said six named children.

That conclusion is sustained in *Matter of Nedham* (192 App. Div. 170) and in *Matter of Hicks* (119 Misc. 6).

A decree may enter providing for the distribution of the estate in six equal shares as set forth in the account already filed herein.