In the Matter of the Accounting of WALTER PEPPER, as Executor of LOUIS C. PEPPER, Deceased.

Surrogate's Court, Montgomery County, September 19, 1955.

*Robert J. Sise* for executor, petitioner.

*Chandler S. Knight* for Hazel D. Thorn, as administratrix of the estate of Carrie Pepper, deceased.

*Sidney G. Rosenthal* for Archibald Wayne and another.

BENNISON, S. Louis C. Pepper died January 20, 1952, a resident of the county of Montgomery, leaving a last will and testament dated February 19, 1945. Paragraph sixth of said will disposes of the residue of his estate as follows: "Sixth: Upon the death of my said wife, Carrie Pepper, I give, devise and bequeath all the rest, residue and remainder of my property of every kind, name, nature and description and wheresoever situate to my nephew, Archibald Wayne, of Johnstown, New York, my nephew, Warren Krechting of Washington, D. C., my nephew Dr. William Krechting of Washington, D. C., and my niece, Marion Harrington of Amherst, Massachusetts, share and share alike, for them to have and to hold absolutely and forever."

Warren Krechting and Dr. William Krechting, two of the residuary beneficiaries predeceased the testator and in an intermediate account settled November 24, 1952, this court determined that the legacies to said beneficiaries had lapsed.

This court is asked to construe the paragraph "Sixth" as above in a proceeding brought by the executor of the will of said decedent for a final settlement of his accounts. The two living residuary beneficiaries, Archibald Wayne and Marion Harrington have appeared and maintain that the residuary clause of the will must be construed as a class gift and that consequently the lapsed legacies pass to them by operation of the terms of the will. The administratix of the estate of decedent's wife has also appeared and maintains that the residuary clause is not a gift to a class of legatees, but a gift *nominatim* and that therefore the lapsed legacies must be distributed as intestate property.

In construing a will it is fundamental that the intention of the decedent as demonstrated by the terms and provisions of the will is controlling. (*Matter of Gorden,* 172 N. Y. 25.)

In legal contemplation a gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the settlement number. (*Matter of Kimberly,* 150 N. Y. 90, 93; *Herzog* v. *Title Guar. & Trust Co.,* 177 N. Y. 86.)

In the present instance the testator devised and bequeathed the residue of his estate to four named individuals. The legacy does not appear to depend upon the degree of relationship to the testator, but it would appear that the degree of relationship was inserted in the will for the purpose of better identification of the respective legatees in much the same manner that the address of each respective residuary legatee was included therein. Nor does it appear that the share of each residuary beneficiary was dependent upon a determination of the number of residuary beneficiaries in existence at some future time or upon the happening of some future contingency. Rather, it would appear that the intention of the testator was that each of the named residuary beneficiaries should receive a vested one-fourth interest upon the death of decedent. The failure to provide for a disposition of the share of any residuary beneficiary who should predecease testator cannot in and of itself turn what appears to be a gift *nominatim* into a class gift.

When a gift is made *nominatim,* it will be presumed in the absence of any contrary intent, that the gift is not one to a class. (*Matter of Kimberly, supra; Matter of Whelan,* 55 N. Y. S. 2d 765.) In the absence of an express declaration to the contrary, a grant or devise to two or more persons creates a tenancy in common. (Real Property Law, § 66.)

This court is unable to find in the will any intention that the residuary legatees take as a class. The court, accordingly, determines that one fourth of the residuary estate vested in each of the residuary legatees surviving the testator, and that the testator died intestate as to the remaining one half of the residue of his estate.

Submit on notice decree settling account as filed and construing will accordingly.