Christopher C. McGrath, S.
In this accounting proceeding a construction of paragraph “ Eighth ” and “ Ninth ” of the will is sought.
The pertinent portion of paragraph “Eighth” reads as follows: “ (a) I give, devise and bequeath one-third (%) of the real estate of which I die seized to my daughter, Mary V. Hicks.”
Mary V. Hicks, predeceased the testator. Since she was not survived by a child or other descendant, section 29 of the Decedent Estate Law has no application, and the gift to her under paragraph “ Eighth ” lapses and falls into the residuary estate (Matter of Phelps, 133 Misc. 450).
Paragraph “ Ninth ” which disposes of the residuary estate is as follows: ‘ ‘ All the rest, residue and remainder of my property, I give and bequeath to my daughter, Mary V. Hicks, to my son, George P. Hicks and to my grandson, Thomas Hicks, 3rd, to be divided among them equally, share and share alike.”
The court is asked to decide whether the gift of one third of the residuary to Mary V. Hicks, who predeceased the testator, passes to the surviving residuary legatees as a gift to a class or whether there is an intestacy of one third of the residuary.
It is a well-settled rule that in the absence of an express declaration to the contrary, where a gift is made to named persons and their shares are fixed, they take as tenants in common and not as a class (Matter of King, 200 N. Y. 189; Matter of Hoffman, 201 N. Y. 247; Matter of Barrett, 132 App. Div. 134; Matter of Young, 133 Misc. 454; Matter of Pepper, 208 Misc. 513).
*345 It is also well recognized to be the rule that where a residuary legatee predeceases the testator and no provision for an alternate disposition in such contingency is made and no intention to give a right of survivorship can be shown, the share of the predeceased legatee will lapse, unless, of course, it is saved by the provisions of section 29 of the Decedent Estate Law (Matter of Young, supra, and cases cited).
Since the will fails to disclose any intention that the residuary legatees are to take as a class, the court determines that the testator died intestate as to one third of the residue of his estate which passes to his distributees as intestate property.
No objections to the account having been filed, a decree may be submitted settling the account and construing the will accordingly.