S. Samuel Di Falco, S.
In this accounting proceeding a construction of paragraph * ‘ Second ’ ’ of the will is requested. By this paragraph the testator gave one fourth of his estate outright to Ms sister Martha Hast and if she be not living to her children in equal shares. The remaining tM*ee fourths he gave in trust with the income payable to the same sister during her life with a request that she divide said income into three parts and give one of such parts to another sister Rebecca Mittleman and one to each of two named brothers or their children if the parents be not living. He explicitly provided that the request was not to be construed to be a direction to Ms sister nor as a bequest to the others. He provided that the trust or any part thereof could be terminated by any two of the executors or trustees, in which event the terminated parts were to be paid in equal shares to Rebecca Mittleman and the two named brothers or their children. The trust was not to be terminated if these would not have the use or benefit of the money. He further provided that upon the death of the sister, Martha Hast, “ the trust shall terminate, and I give and bequeath the principal of the trust as then constituted to my beloved cousin, db. lotus m. eriedman, and my beloved cousin, db. Joseph Horowitz, to their own use absolutely and forever. I request my beloved cousin, db. louis m. eriedman, and my beloved cousin, db. Joseph hobowitz, to deliver one-third of the bequest to them to my beloved sister, bebecca mittleman, and if she is not living then to the cMldren of my beloved sister bebecca mittleman, in equal shares;” and the same provision is made with respect to Ms brothers Moses Chaim Friedman and Gretzel Friedman. The same provision is made with respect to the request as to principal as was made to income, i.e., that it was not to be construed to be a direction to Ms cousins nor as a bequest to the others named.
Martha Hast predeceased the testator leaving as her oMy child a son Irving Hast. LoMs M. Friedman predeceased the testator.
The first question presented is whether the bequest to LoMs M. Friedman lapsed because he predeceased the testator or whether the entire bequest to the two cousins passes to the survivor.
The general rMe in this class of cases is that, where the persons to take are named and their shares fixed, they take as *292 tenants in common and not as a class. (Matter of King, 200 N. Y. 189; Matter of Barrett, 132 App. Div. 134; Matter of Hoffman, 201 N. Y. 247.)
But even this general rule (which assumes a fixed share, a condition lacking in this will) has its exceptions and yields to others equally as well settled when the will and surrounding circumstances plainly show an intention inconsistent with the application of the rule in question. (Matter of Hawley, 76 Misc. 81; Matter of Stebbins, 125 Misc. 150; Matter of Young, 133 Misc. 454; Matter of Damask, 43 N. Y. S. 2d 648; Matter of Long, 121 N. Y. S. 2d 183.)
The presumption against an intestacy is particularly strong where as here the subject of the gift is residuary estate. (Matter of Birdsell, 271 App. Div. 90, affd. 296 N. Y. 840.) This presumption is buttressed by the first sentence of the will before us which recites ‘ ‘ bearing in mind all those who have claims upon me, and intending to dispose of all of my property of whatsoever nature and kind upon my death ”.
As noted above the gift to the two cousins was not in any fixed shares but a gift of the ‘ principal of the trust as then constituted” referring to the time of death of the sister or as happened his own.
The gift of the entire income of three quarters of the residue to the sister Martha Hast was obviously made with the intention of imposing on her a moral but not legal obligation to apply that income to the other sister and two brothers or their children. The discretion given the executors and trustees, with respect to termination of the trust or any part thereof shows the same concern. Bach branch of the immediate family was thus placed upon a parity. We need not speculate, as the parties to this proceeding do, as to the reasons for such treatment of the brothers and sisters under the conditions existing at the time the will was executed. It is sufficient that for his own reasons the testator so ordained. The gift of the principal, the sister having died, was subject to the same request that the entire amount thereof be delivered in equal shares to the three named sister and brothers or their children. Should the court hold that one half of this share of the residuary estate lapsed and passed to others as intestate property, it would render entirely impossible the fulfillment of testator’s desire to treat his two sisters and two brothers equally.
It may well be as the respondents argue that the ultimate intended beneficiaries may never receive the benefits of this bequest but the testator himself created the situation and it has not been demonstrated by any sufficient evidence that testator’s *293 intentions cannot be fulfilled. In any event testator placed his reliance in the integrity of both of the named cousins and we must go along with his expressed intent. Under all the circumstances, I hold that the entire three-fourths remainder bequest under paragraph ‘Second ’ ’ of the will is payable to the surviving cousin Joseph Horowitz.
In view of this determination the other questions of construction presented become academic.
The objections to the account will be set for a hearing before me on the 23d day of March, 1959 at 10:30 a.m.